**H. I. HETTINGER & CO.**

v.

**MUNICIPALITY OF ST. THOMAS AND ST JOHN,**
et al.

**H. I. HETTINGER & CO.**

v.

**MUNICIPALITY OF ST. CROIX,**
et al.

Nos. 10,318, 10,366

United States Court of Appeals

Third Circuit

Argued January 29, 1951

Decided March 9, 1951

Rehearing Denied April 9, 1951

*See, also, 187 F.2d 774*

HERBERT S. MCCONNELL, San Juan, Puerto Rico (MCCON-
NELL & VALDES, San Juan, Puerto Rico, on the brief),
*for appellant*

CROXTON WILLIAMS, Asst. United States Attorney, Char-
lotte Amalie, Virgin Islands, *for appellees*

Before MARIS, GOODRICH, and WOODBURY, *Circuit
Judges*

GOODRICH, *Circuit Judge*

These cases raise the question of the applicability of
local taxing statutes to a contractor engaged in the per-
formance of a contract for the United States government.
H. I. Hettinger and Company, the appellant, brought an
action for a declaratory judgment in the court below
seeking a declaration that it, while engaged in its then

activity in the Virgin Islands, did not have to pay certain local taxes. The District Court decided for the defendant. This appeal follows.

The two statutes involved are products of the legislation of the two separate municipal councils in the Virgin Islands but as applied to this case each piece of legislation raises the same question. In 1947 the municipality of St. Thomas and St. John enacted a taxing ordinance (Trade Tax Law of 1947). We are concerned with the words in Section 4 providing that "All persons licensed to do business . . . shall pay a tax of 3/4 of 1% on the gross receipts of such business."

The municipality of St. Croix also passed a taxing ordinance in 1947 (1947 Internal Revenue Act). It provided (Section 7) for collection of an internal revenue tax of 5% of the selling price on articles which are introduced into the municipality. Included in the list are motor trucks, tires and tubes. The plaintiff used motor trucks, tires and tubes in carrying out its contract with the government. The contract made by Hettinger with the government was entered into following the enactment of Public Law 510, 78th Congress (1944 [Dec. 20, 1944, ch. 15, 58 Stat. 827; 48 U.S.C. § 1409 et seq.]), which provided for some ten million dollars of government money to be spent for public works of various kinds in the Virgin Islands.

Hettinger advances two reasons why it should not be required to pay the taxes provided for in these ordinances. It should be pointed out at the beginning that appellant does not claim itself to be exempt by the literal wording of the exemption clause of the ordinances as counsel for the appellee seems to think. There is in both ordinances a provision making certain exemptions. Thus the St. Thomas and St. John law provides: "Section 21. This Law shall not apply to agencies of the local or federal

government, religious, charitable, benevolent, or educational organizations when not engaged in the conduct of business pursuits for profit."[1]

Appellant does not claim to be an agency of the federal government.

But its first point is that the ordinances should be interpreted not to apply to appellant so far as its activity in the work presently engaged in is concerned, as a conclusion of probable legislative intention. It points out judicial language to the effect that all the words in a statute are to be given a meaning if possible.[2] Then it says that these words exempting agencies of the federal government from the municipal tax law did not need to be put in by the legislative body because they only provided what would be required by law anyhow. The taxing body of the territory cannot tax a United States agency unless Congress says so. Domenech v. National City Bank (1935) 294 U.S. 199, 55 S. Ct. 366, 79 L. Ed. 857. If the exemption phrase is to have effective meaning therefore, the argument runs, we must get away from rigid interpretations of phrases like "agencies of local or federal government." We must give to the phrase an interpretation which will make it amount to more than the literal words would demand and reach a result which will not subject the enterprise being paid for by federal money to the burden of local taxation.

The argument is ingenious but thin. In the first place as to the St. Thomas gross receipts tax, it disregards the qualifying phrase at the end of the exemption section which reads "when not engaged in the conduct of busi-

[1]The exemption provision in the St. Croix ordinance provides: "Section 18. This law shall not apply to religious, charitable, benevolent or educational organizations when not engaged in the conduct of business pursuits for profit, nor to any agency of the Federal or Municipal Government, except as otherwise provided in existing laws."

[2]Platt v. Union Pacific R. Co., 1878, 99 U.S. 48, 58, 25 L. Ed. 424.

ness pursuits for profit." It seems to us that this qualification takes the exemption provision out of this case so far as the St. Thomas legislation is concerned. Whatever the status of Hettinger and Company may be as taxpayers, the company has certainly been carrying out its construction contract in the Virgin Islands for profit and not for fun and the exemption provision does not apply.

Furthermore, appellant is wrong in assuming that the words of exemption have no function to perform except to provide for a legal exemption which the municipality is compelled to make. This ordinance is, among other things, a direction for tax assessing and collecting authorities. There certainly is a public interest to be served in making both application and exemptions as clear as language can make them so that they may be carried out by those unlearned in legislative history and judicial precedent. In the third place, we do not think that a rule of construction that requires every word in a statute to be given an independent meaning is a very good rule. Legislative draftsmen, any more than judges, have never completely succeeded in making every word they use mean something.

■ We decide the first point against the appellant, therefore. We do not interpret the municipal ordinances to exempt this plaintiff from taxation in this instance.

■ The appellant's second point is that the Congressional enabling statute is not to be interpreted to give taxing power to the municipalities in such a case as this. Counsel for the appellant points out, and correctly, that we are dealing here not with a sovereign state but with a territory. The power to tax, therefore, is not present as an attribute of sovereignty, but must come as a grant from Congress. In the case of the Virgin Islands such

power to levy taxes comes from the Organic Act of June 22, 1936.[3]

We now reach the critical point of the appellant's argument and again its counsel must be given credit for ingenuity. At the time the 1936 statute was passed, it is argued, even a state of the United States was under definite restrictions in its taxing power where the imposition of the state tax would have the effect of imposing even indirectly a burden on the federal government. This doctrine, appellant says, was exemplified by such a decision as Panhandle Oil Co. v. Mississippi (1928) 277 U.S. 218, 48 S. Ct. 451, 72 L. Ed. 857. In that case a state tax imposed on dealers in gasoline for the privilege of selling, and measured at so many cents per gallon sold, was held to be void as applied to sales to instrumentalities of the United States. Appellant also cites in this connection Graves v. Texas Co. (1936) 298 U.S. 393, 56 S. Ct. 818, 80 L. Ed. 1236.

Since 1936 these decisions have been overruled by the Supreme Court in State of Alabama v. King & Boozer (1941) 314 U.S.1, 62 S. Ct. 43, 86 L. Ed. 3.[4] In that case the Supreme Court said that there was no constitutional immunity of the United States from state taxation imposed in the form of a sales tax and which was applied to the purchase of building materials by one who bought them for use in performing a cost plus contract with the United States.

The appellant points out that this decision was one raising the fundamental question of state power under

[3]"Taxes and assessments on property and incomes, internal-revenue taxes, license fees, and service fees may be imposed and collected, and royalties for franchises, privileges, and concessions granted may be collected, for the purposes of the Government of the Virgin Islands as may be provided and defined by the municipal councils herein established: . . ." [§ 36, prec. 1 V.I.C.] 49 Stat. 1816 (1936), 48 U.S.C. § 1406i.

[4]Cf. United States v. County of Allegheny, 1944, 322 U.S. 174, 64 S. Ct. 908, 88 L. Ed. 1209.

the Constitution. It did not involve the question of interpretation of a Congressional grant to tax given to a territory. And as applied to the Virgin Islands, it argues, the Congressional grant of taxing power made in 1936 is to be read in the light of the law as it existed then and is not to be enlarged by what the Supreme Court has done later in overruling previously existing restrictions on the taxing powers of sovereign states. The suggested conclusion is that we interpret the grant by the Congress of taxing power to the municipalities of the Virgin Islands as not to allow its exercise in a way which will throw the economic burden back to the United States from which the grant came.

■ While we recognize the ingenuity of the argument we do not accept its conclusion. Congress in the statute cited gave the Islands broad taxing power comparable to that possessed by the States. We think it does not take a new grant by Congress to allow a territory to exercise such broadly given taxing power whenever the Supreme Court removes a judicially created restriction applicable to states and territories alike. The business of taxation we have been told over and over again is a practical one. The raising of revenue necessary to carry on government at national, state or municipal level would be seriously impeded if the legality of each tax was to be determined by its collateral effect upon taxpayers and other units of government. We may well agree that the imposition of a tax on this contractor requires him to get more money for construction jobs than he would have to ask to make the same profit if the tax were not imposed.[5] The same is true of any other tax levied upon one in the conduct of his business affairs and is not a conclusion against the validity of the tax for the reason already stated.

[5]This admission is a general one. As a matter of fact, this particular contract was entered into before the tax statute was passed.

We cannot conclude that the levying of the tax in this case on this taxpayer is outside the grant of taxing power by Congress to the Virgin Islands municipalities. We think, although the appellant does not, that Gromer v. Standard Dredging Co. (1912) 224 U.S. 362, 32 S. Ct. 499, 56 L. Ed. 801, is in point on this phase of the case. Puerto Rico was allowed to impose a property tax upon a dredge brought to that territory to do work under a contract with the United States. This taxation was permitted by the Supreme Court before the United States acquired the Virgin Islands. We see no reason for thinking that Congress did not intend to give a similar, though of course not identical power, to the municipalities of those Islands in the Act of 1936.

The opinion of the learned District Judge discusses both of the propositions dealt with here. What we have said and what he said are in accord. We are stating the conclusions in our own words because the matter is one of some public importance to the Islands and the question deserves as clear a statement of our position as we can make.

The judgment of the District Court will be affirmed.