**EARLE B. OTTLEY, Plaintiff**

v.

**PERCY DE JONGH, Commissioner of Finance,
Defendant**

Civil No. 201 - 1956

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

February 6, 1957

*See, also, 149 F. Supp. 75*

ALMERIC CHRISTIAN, ESQ., of Christiansted, Virgin Islands and JAMES A. BOUGH, ESQ., of Charlotte Amalie, Virgin Islands, *for plaintiff*

LEON P. MILLER, United States Attorney of Charlotte Amalie, Virgin Islands, *for defendant*

MOORE, *Judge*

Plaintiff's complaint was filed herein on the 23rd day of October, 1956. Next, on November 5, 1956, the plaintiff filed a motion herein, "For Production of Documents." Then, on November 9, 1956, the defendant filed a motion to dismiss plaintiff's complaint. It is upon this motion of the defendant to dismiss the plaintiff's complaint that this matter came on for hearing.

The plaintiff, Earle B. Ottley, who sues as a taxpayer, is represented by Attorneys Almeric Christian and James A. Bough. The defendant, Percy De Jongh, Commissioner of Finance, is represented by United States Attorney Leon P. Miller.

The defendant's motion to dismiss raises four points, to wit:

1. To dismiss the action because it appears upon the face of the complaint that the Court lacks jurisdiction of the subject matter in this:

That the plaintiff seeks expressly to maintain this action "under the Federal Declaratory Judgments Act," 28 U.S.C.

§ 2201; that said Act limits jurisdiction for declaratory judgment actions to "any court of the United States," which must be interpreted to mean court of the United States as defined in section 451 of Title 28 U.S.C.; that the statutory definition of court of the United States, as used in section 2201, does not include the District Court of the Virgin Islands and therefore does not confer jurisdiction upon said court to entertain such action.

2. To dismiss the action because plaintiff has failed to join an indispensable party, namely, the Government of the Virgin Islands.

3. The complaint does not present a justiciable controversy.

4. The complaint fails to state a claim against defendant upon which relief can be granted.

The briefs and argument of both the plaintiff's attorneys and defendant's attorney center around two main points raised in the above motion. First, whether the Federal Declaratory Judgments Act is applicable to the District Court of the Virgin Islands, and second, whether the complaint does or does not present a justiciable controversy. Defendant's contention in the other points is an outgrowth of whether this complaint presents a justiciable controversy. The Court, therefore, will address itself to these two main arguments, first of which is whether or not the Declaratory Judgments Act is applicable to the District Court of the Virgin Islands.

■ The defendant has argued that the Declaratory Judgments Act, Title 28 of section 2201, is applicable only to "any court of the United States", and that the District Court of the Virgin Islands is not a "court of the United States", and that further, the Organic Act of the Virgin Islands, Public Law 517, 83rd Congress, 48 U.S.C. § 1541 et seq., (1954 Revised Organic Act of the Virgin Islands, § 22 [prec. 1 V.I.C.]) which gives to the District Court

of the Virgin Islands "the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties and laws of the United States", 48 U.S.C. § 1612, does not make the District Court of the Virgin Islands a district court of the United States within the meaning of that definition. The Court fully agrees with this argument up to this point. This much of defendant's argument is so well settled that it needs no elaboration. Neither is there any controversy between the parties here over the fact that this complaint seeks an interpretation of a law of the United States, since it asks for an interpretation of the Organic Act of the Virgin Islands, which is clearly a law of the United States. There is, therefore, no controversy over the fact that this Court has jurisdiction of the subject matter. The main contention is that the District Court of the Virgin Islands cannot use the Declaratory Judgments Act in its hearing and disposition of the subject matter.

██ It must be remembered that the Declaratory Judgments Act is a procedural statute. It did not enlarge the jurisdiction of courts of the United States to which it was made applicable. If the Declaratory Judgments Act were a statute enlarging the jurisdiction of courts of the United States, it would ipso facto enlarge the jurisdiction of the District Court of the Virgin Islands, since Congress has provided that this court shall have the same jurisdiction. This court does not think it did enlarge that jurisdiction, but in Public Law 517, cited above, at the same time that Congress gave to the District Court of the Virgin Islands jurisdiction of a district court of the United States, it also provided that the rules of Civil Procedure "heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of Title 28, . . . shall apply to the District Court

233

of the Virgin Islands and to appeals therefrom." 48 U.S.C. § 1615.

Rule 57 of the said Rules of Civil Procedure, 28 U.S.C., which Congress made applicable to the Virgin Islands, provides the procedure for declaratory judgments. It is noted by this court that Rule 57 states that "The procedure for obtaining a declaratory judgment pursuant to Title 28, section 2201, shall be in accordance with these rules." It is argued that the words in Rule 57, "Pursuant to Title 28 U.S.C. § 2201", therefore makes it applicable only to the courts of the United States. This court thinks that argument to be thin in that it must be remembered that this court has been given the same jurisdiction, and that Rule 57 is merely a procedural rule.

Defendant's argument then boils down to the fact that Congress intended to give this court the same jurisdiction, in regard to the interpretation of its laws, but did not intend that it should follow the same procedure as courts of the United States with similar jurisdiction. This would mean that Congress made every other rule of civil procedure applicable to the Virgin Islands, with the exception of Rule 57, which is also a rule of procedure. If Rule 57 was not an integral part of the Rules of Civil Procedure, the defendant's argument would have more merit up to this point, but it cannot be said that Congress intended that one court should exercise the same jurisdiction as other courts, but would not be allowed to follow the same rules of procedure, especially in view of the fact that those rules are made applicable here, including Rule 57.

■ ■ The District Court of the Virgin Islands is not a constitutional court. It is also not included in the doubt of the constitutionality that made the Declaratory Judgments Act necessary for constitutional courts. This court was created by Congress for one of its territories. Congress has full power to give this court such jurisdiction as it wished,

as well as such rules of procedure as it wished. Since Congress can legislate for its territories, without restrictions, it seems clear to this court that the only logical interpretation is that Congress not only gave this court the same jurisdiction as a district court of the United States, but intended in making the Rules of Civil Procedure applicable, that it should follow the same procedure outlined therein, including the procedural Rule 57. In this connection also, it must be noted that even if Congress failed to carry out that intent by not making procedural statute § 2201 applicable in specific terms, Congress and the Legislature did give to this court the power to make its own rules of civil procedure, limiting it only in that it shall make no rules which are contrary to those prescribed for it by Congress or by local statute. Pursuant to this authority vested in this court, it has, by its own order, made the Federal Rules of Civil Procedure applicable to the District Court of the Virgin Islands, and as evidence of its intent to include Rule 57 of the Federal Rules of Civil Procedure in its order, has proceeded by authority of such order to render quite a few declaratory judgments following the wording of the procedural section 2201 of Title 28. Likewise, in recent rules of procedure adopted by this Court, it has adopted many rules of procedure which it thought appropriate here which are followed by constitutional courts. For instance, in its recent rules, it has incorporated many of the practices of the United States District Court for the District of Columbia. It has incorporated rules for integrating the Bar of the Virgin Islands, and many others.

This power of the District Court of the Virgin Islands is not based merely upon the inherent power of the court, but upon specific statute. The (1921) Code of the Virgin Islands, in section 27 of chapter 1, Title I of Courts (4 V.I.C. § 34 note), provides that: . ..

"The judge of the District Court may, from time to time, promulgate rules of court, for the government of the courts, provided such rules shall not be in conflict with any specific law or ordinance."

Pursuant to this specific authority, this court, on March 15, 1944, promulgated the following order:

"It is hereby Ordered, adjudged and decreed that the Rules of Civil Procedure adopted by the Supreme Court of the United States (pursuant to the Act of Congress of June 19, 1934), as the Rules of Civil Procedure for the District Courts of the United States, together with such amendments thereto as may be made by the Supreme Court of the United States from time to time, shall be, and are hereby adopted as the Rules of Procedure for the District Court of the Virgin Islands in all civil cases before the said court whether federal, or municipal, or insular, except in the following instances, to wit:

"Virgin Islands' cases in which the Legislative Assembly or the respective Municipal Councils have provided specific procedure different from the said Federal Rules of Civil Procedure."

This order included all of the Federal Rules of Civil Procedure, including Rule 57 and the procedure outlined therein, pursuant to procedural section 2201 of Title 28, and has since been followed by this court.

This broad grant of authority by statute to the District Court of the Virgin Islands is in contrast to the statement of the District Court of Alaska in Reese v. Fultz, 96 F. Supp. 449, 451, with respect to the power of the District Court there to make rules of procedure. The Alaska Court said: "It is at least reasonably well settled that prior to the extension of the Federal Rules of Civil Procedure to Alaska by the Act of July 18, 1949, 63 Stat. 445, Title 48 U.S.C. § 103a, this court was confined to the special procedure enacted for it by Congress and largely to be found in the Acts of March 3, 1899, 30 Stat. 1253 and of June 6, 1900, 31 Stat. 321, Summers v. United States, 1913, 231 U.S. 92, 34 S. Ct. 38, 58 L. Ed. 137."

It has been held in many previous decisions of the United

States Court of Appeals for this circuit that the Legislature has authority from Congress to enact such laws for the Virgin Islands, and the Revised Organic Act, Public Law 517, 83rd Congress, 68 Stat. 501, 48 U.S.C. § 1574(c) (1954 Revised Organic Act of the Virgin Islands § 8(c), prec. 1 V.I.C.), further provides with respect to those laws as follows: "The laws of the United States applicable to the Virgin Islands on the date of approval of this Act, including laws made applicable to the Virgin Islands by or pursuant to the provisions of the Act of June 22, 1936, (49 Stat. 1807) [1936 Organic Act of the Virgin Islands prec. I V.I.C.], *and all local laws and ordinances in force in the Virgin Islands, or any part thereof, on the date of approval of this Act, to the extent they are not inconsistent with this Act, continue in force and effect until otherwise provided by the Congress.*" (Italics mine.)

Thus, the above Act of the Legislature, which is not inconsistent with the Revised Organic Act, remains in force and effect. Consequently, this Court merely adopted, as one of its rules of procedure, the same rule of procedure which was then being followed by constitutional Federal courts. While section 2201 was enacted by Congress for constitutional courts, this procedure was not a process patented by Congress and restricted for exclusive use of constitutional courts only. This procedure was already in use in 34 states at the time Congress made it available to the constitutional courts. As expressed by the Supreme Court in Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S. Ct. 236, 239, 97 L. Ed. 291, "The Senate Judiciary Committee recommended an adaptation of the principle to federal practice," and that "Previous to its enactment there were responsible expressions of doubt that constitutional limitations on federal judicial power would permit any federal declaratory judgment procedure. Cf. Liberty Warehouse Co. v. Grannis, 273 U.S. 70,

47 S. Ct. 282, 71 L. Ed. 541; Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 48 S. Ct. 507, 72 L. Ed. 880; State of Arizona v. State of California, 283 U.S. 423, 51 S. Ct. 522, 75 L. Ed. 1154; Piedmont & N. R. Co. v. United States, 280 U.S. 469, 50 S. Ct. 192, 74 L. Ed. 551. Finally, as the practice extended in the states, we reviewed a declaratory judgment rendered by a state court and held that a controversy which would be justiciable in this court if presented in a suit for injunction is not the less so because the relief was declaratory. Nashville, C. & St. L. R. Co. v. Wallace, 288 U.S. 249, 53 S. Ct. 345, 77 L. Ed. 730."

■ It should also be noted in this connection that in one of the declaratory judgments rendered by this Court pursuant to its order promulgated as above, that this court granted a declaratory judgment in the case of H. I. Hettinger & Co. v. Municipality of St. Thomas and St. John, Civil Number 226-1949 (2 V.I. 156). That judgment was appealed to the United States Court of Appeals for the Third Circuit and there affirmed on March 9, 1951, 187 F.2d 774 (2 V.I. 509). We realize that neither in this court, nor the Court of Appeals was the question of the power of the District Court of the Virgin Islands to render a declaratory judgment raised, but the case was obviously one of declaratory judgment and was affirmed as such. This court, therefore, is of the opinion that the procedure of the Declaratory Judgments Act has been made a procedure of this court, both under the Court's authority to do it and under Act of Congress in making the Federal Rules of Civil Procedure applicable here, and that this court has the power to render a declaratory judgment.

■ Next, we consider whether the case presents a justiciable controversy between the plaintiff and the defendant. The first paragraph of plaintiff's complaint states as follows:

"That the plaintiff brings this action in his capacity as a resident taxpayer, and for his own use and behalf, and in and for the use and behalf of all other taxpayers of the Virgin Islands community, under the Federal Declaratory Judgments Act (28 U.S.C., section 2201) to interpret a controversy arising under a law of the United States, to wit: the 1954 Revised Organic Act of the Virgin Islands [prec. 1 V.I.C.],"

Neither the Government of the Virgin Islands, nor Dr. G. Robert Cotton, who the complaint alleges to have been overpaid, is made party-defendant. Since neither the Government of the Virgin Islands, nor either of its branches, to wit: legislative or executive, has been made party-defendant, it seems clear that this action must be regarded only as one of a taxpayer against the present Commissioner of Finance, defendant Percy De Jongh.

No question has been raised as to the rights of a taxpayer thus to sue. Consequently, this Court does not go into that question in this opinion.

It must, however, be noted that the complaint herein does not seek to recover the alleged overpayment to Dr. Cotton or to enjoin any responsible public official from any specific unlawful act, or to compel any responsible public official to do any specific act. The complaint only asks the Court's opinion on a given set of facts and no justiciable relief therefrom. In the instant case, the plaintiff asks the following opinion of the Court:

"(a) That in relation to the provisions of Section 9(d) of the [1954] Revised Organic Act [prec. 1 V.I.C.], Bill No. 50 (Act No. 37) is NOT a bill containing 'items of appropriation of money;'

"(b) That, if the Court shall determine that Bill No. 50 (Act No. 37) is NOT a bill containing 'Items of appropriation of money', that the attempted veto by the Acting Governor of a portion of Section 7 of said Bill is an invalid exercise of the veto power under the provisions of Section 9(d) of the Revised Organic Act;

"(c) That the payment in the sum of $3,347.27 to Dr. G. Robert Cotton, being without the joint consent and approval of the Gov-

ernor and the Finance Committee, was an unlawful expenditure of public funds;

"(d) That Section 7 of Bill No. 50 (Act No. 37) is without retroactive applicability, and could not constitute lawful authorization for reimbursement by the Office of the Commissioner of Finance for transportation expenses of an official of the Government of the Virgin Islands incurred prior to the approval of said Bill; and,

"(e) That plaintiff have such other or further judgment not herein otherwise specifically asked for as may be just and proper in the premises."

If, after full hearing, these requests of the plaintiff were granted in all respects, it would be only a legal opinion given by a court and would adjust and dispose of no controversial rights between this plaintiff and this defendant herein. It is noted that plaintiff alleges in paragraphs 10 and 11 of this complaint as follows:

"10. On information and belief, that diverse other payments for transportation of officials and employees of the Government of the Virgin Islands have been made, and will continue to be made by the Office of the Commissioner of Finance, without the consent and approval of the said Finance Committee, in violation of the express provisions of the said Section of the bill.

"11. On information and belief, that the Office of the Commissioner of Finance, and/or the incumbent Commissioner of Finance, the defendant has not sought, and does not intend to seek the consent and approval of the said Finance Committee with respect to the expenditure of public funds authorized by the said Section 7 of the Bill."

However, with regard to the above allegations, plaintiff has asked no specific relief therefrom in order that this court can determine whether or not he is entitled to the relief which he seeks, but he relies solely for all relief to settle this controversy upon his all-inclusive prayer "That plaintiff have such other and further judgment not herein otherwise specifically asked for as may be just and proper in the premises." This court is of the opinion that such prayer is totally inadequate to order specific relief which may be

240

later determined without any specific request from plaintiff. Such a prayer does not relieve the plaintiff of his obligation to state the relief asked for in order that defendant may know what he seeks, and in order that the Court may know whether he is entitled thereto. And such a general prayer is insufficient to fulfill the requirements of the specific relief that plaintiff may wish. This is a clear case of a situation where neither the court, nor the defendant could tell from such a prayer what relief plaintiff is seeking, if any.

The Declaratory Judgments Act, which has been made the procedure of this court, both by this court and by Congress as noted above, provides that in case of an actual controversy, the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

█ Counsel for the plaintiff has argued that a declaratory judgment under the wording above is a first step, and if the judgment is in plaintiff's favor, declaring his rights under the controversy, he can then take step number two and seek the redress to which he is entitled.

With this argument, the Court does not agree. The Supreme Court, in interpreting that Act, and in a complaint which is analogous with the instant case, said in Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 244, 73 S. Ct. 236, 240, 97 L. Ed. 291:

"The complaint in this case does not request an adjudication that it has a right to do, or to have, anything in particular. It does not ask a judgment that the Commission is without power to enter any specific order or take any concrete regulatory step. It seeks simply to establish that, as presently conducted, respondent's carriage of goods between points within as well as without Utah is all interstate commerce. One naturally asks, so what? To that ultimate question no answer is sought."

Thus, the Supreme Court has repudiated the theory that as step one plaintiff may determine the law and thereafter

241

determine the controversy. In that same case, 344 U.S. on page 243, 73 S. Ct. on page 240, the Supreme Court said, "The Senate Judiciary Committee report regarded the 1,200 American decisions theretofore rendered on this subject as establishing that 'the issue must be real, the question practical and not academic and *the decision must finally settle and determine the controversy.*' " (Italics mine.) On the same page the Court also said, "The relief is available only for a 'concrete case admitting of an immediate and definite determination of the legal rights of the parties.' [Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. at pages 240, 241, 57 S. Ct. at pages 463, 464.]"

In that same case, 344 U.S. on page 242, 73 S. Ct. on page 239, the Court states as follows, with regard to section 2201 of Title 28:

" 'The Act of June 14, 1934, providing for declaratory judgments, does not attempt to change the essential requisites for the exercise of judicial power' which still was to be tested by such established principles as that 'the judicial power does not extend to [the determination] of abstract questions' and that 'claims based merely upon "assumed potential invasions" of rights are not enough to warrant judicial intervention.' . . . Each must present a 'justiciable controversy' as distinguished from 'a difference or dispute of a hypothetical or abstract character . . .' "

It must be noted here that the Act was alleged to have been committed by a former Commissioner of Finance under a former administration. Nothing is alleged to have been committed by the defendant herein, nor does this suit seek to enjoin the present Commissioner from committing such an act, but seeks an opinion only upon a governor's veto or attempted veto of a legislative act which might or might not presumably lead to a higher expenditure than the $2,000 claimed to have been inserted in the law passed by the legislature. In addition, it must be borne in mind at this point that had the complaint sought the enforcement of some right to which plaintiff was entitled and which had

been refused, so that this Court could finally settle and determine the controversy, the question of a justiciable issue would be different.

█ █ It must be noted also that the question of whether the Government of the Virgin Islands and/or Dr. Cotton should be a party to this action was not argued by either side, and this court need not go into that phase of the situation. However, it is necessary for the Court in passing to say that if recovery is sought from Dr. Cotton it would appear to the Court that he should be a defendant in the case, or if any type of injunction or order is sought against the Government of the Virgin Islands that it should be a party to the suit. But this complaint does not let the Court know what ultimate relief is sought. It gives the Court no basis upon which it may make a final determination of the controversy and it does not state enough facts as to its intent and purpose for the Court to determine who should be party-defendant in the case. Consequently, this Court is of the opinion that the complaint must be dismissed upon the grounds that it does not state a justiciable issue between the plaintiff herein and the defendant herein.

Order may be drawn in accordance with this opinion.