The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.

v.

GENERAL FIRE AND CASUALTY CO., Taylor Fibre Co., also known as Taylor, Inc., James J. Junod, Frances Junod, Marilyn E. Schmidt, Adm'x of the Estate of Thomas M. Junod, Dec'd, Junod Brothers and Lifschultz Fast Freight, Inc.

Civ. A. No. 32445.

United States District Court
E. D. Pennsylvania.

Oct. 3, 1963.

**924**

John J. McDevitt, 3rd, by Norman Paul Harvey, Philadelphia, Pa., for plaintiff.

LaBrum & Doak, by Harry F. Brennan, Philadelphia, Pa., for General Fire & Casualty Co.

WOOD, District Judge.

General Fire and Casualty Co. (General) seeks by this motion to dismiss a declaratory judgment action filed by The Employers' Liability Assurance Corporation, Ltd. (Employers). The plaintiff Employers seeks to have determined certain primary and excess coverage problems among the several insurers of the parties to other litigation giving rise to this declaratory judgment proceeding.

This collateral litigation concerns death and survival actions [1] brought in this Court by the Administratrix of Thomas M. Junod who was killed while loading a tractor-trailer truck at Taylor Fibre Co. The *tractor* owned by Junod is insured by a policy issued by General. The *trailer* owned by Fred Olsen Motor Service is insured by Continental Casualty Co. (not a party to this proceeding). Lifschultz Fast Freight, who engaged the services of Junod, is covered by a policy issued by National Surety Co. (not a party to this proceeding).

Employers issued an *auto liability policy* to Taylor Fibre Co. upon whose premises the accident occurred. General contends that Employers also issued a *general liability policy* to Taylor Fibre Co., which has been denied by Employers in an affidavit filed with this Court.

The reason for this controversy among the parties is that each insurance company claims that the policy issued by it has an excess insurance clause. Also, each carrier contends that the other has the primary duty to defend the aforementioned trespass action. Each carrier further insists that it is only liable under the excess clause in the policy it has issued.

This case is strikingly similar to Nationwide Mutual Insurance Company v. Fidelity & Casualty Company of New York et al., 286 F.2d 91, 92 (3 Cir., 1961), wherein Judge Goodrich said:

> "This is not a proper case for a declaratory judgment at this stage. * * * Federal courts are not authorized to give advisory opinions and if we told the insurance companies their respective rights and duties against each other we certainly would be giving an advisory opinion."

At this time neither carrier is under any liability to pay any judgment in the trespass action. The fact that Employers has undertaken to defend the trespass action does not warrant the interposition of declaratory relief by this Court. Employers admits that under certain circumstances both policies issued by General and Employers would cover this claim. These circumstances are not before this Court, but undoubtedly will develop at the trial of the trespass action wherein the insurer with the primary duty to defend will be determined. This will cause no hardship to Employers since if they establish their position successfully they can recover their expenses from the carrier who is primarily liable.

Anything we might determine in this action would be highly speculative and of a hypothetical nature. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Motion granted.

---

1. Marilyn E. Schmidt, Administratrix of the Estate of Thomas M. Junod, a minor, deceased v. Taylor Fibre Co., C.A. No. 31428.