**VANCE TRUCKING COMPANY, Inc.,
and Allstate Insurance Company,
Plaintiffs,**

v.

**CANAL INSURANCE COMPANY,** For-
rester Trucking Company, Inc., Herbert
Francis Carson, Scott Carson, Susan
Carson, David Carson, Christopher Car-
son, and Robert H. Carson, Administra-
tor of the Estate of Annie Barbara Car-
son, Deceased, Defendants.

Civ. A. No. 4364.

United States District Court
W. D. South Carolina,
Greenville Division.

July 14, 1965.

O. G. Calhoun, Jr., Greenville, S. C.,
for plaintiff.

Wesley M. Walker and O. Doyle Mar-
tin, of Leatherwood, Walker, Todd &
Mann, Greenville, S. C., for defendants
Canal Ins. Co. and Forrester Trucking
Co.

SIMONS, District Judge.

This is a motion by defendants, Canal
Insurance Company and Forrester Truck-
ing Company, Inc., to dismiss plaintiffs'
suit for declaratory judgment upon
ground that the action lacks the justici-
ability required by the Declaratory Judg-
ment Act, 28 U.S.C.A. § 2201 et seq.

On October 4, 1962, a car driven by
Herbert F. Carson collided with a truck
near Sumter, S. C. The truck which was
owned at the time by Forrester Trucking
Company was allegedly leased to Vance
Trucking Company. Forrester's insurer
is Canal Insurance Company; Vance's
insurer is Allstate Insurance Company.
The individual defendants named in the
suit were passengers in the Carson car
at the time of collision and a personal
representative of a passenger who was
killed in the collision.

A wrongful death action was brought
in February, 1963, in the United States
District Court for the Western District
of South Carolina by Robert Carson,
administrator of the estate of Annie
Carson, wife of Herbert Carson, who was
killed in the accident.

A second suit was brought in May,
1963, by Canal Insurance Company [For-
rester's insurer] in a South Carolina
State Court for a declaratory judgment
against Forrester and Allstate [Vance's
insurer]. The question of primary lia-
bility is still before the state court, a
jury having decided in April, 1964, that
both lessor and lessee trucking companies

were "responsible" for the truck at the time of the accident.

This action was commenced in June, 1963. Motion to dismiss upon ground of improper venue was granted by district court and appealed to Fourth Circuit Court of Appeals. Fourth Circuit found proper venue and reversed the district court; but it refused to affirm dismissal upon contention by defendants that action lacked the justiciability required by the Declaratory Judgment Act, supra, since this question was not raised in nor considered by the district court. 338 F.2d 943 [1964]. The case was remanded for further proceedings in this court. Thereupon, defendants made subject motion to dismiss for lack of justiciability.

Defendants contend that the suit is premature and calls for an advisory opinion in that there has been no judgment rendered in favor of any of the injured parties in the Carson car, and, therefore, at the present time no liability has been established as to either insurance company. They maintain that the court should not decide questions of coverage between insurance companies until liability to injured parties has been determined, citing American Fidelity and Casualty Company v. Pennsylvania T & F Mutual Casualty Ins. Co., 280 F.2d 453 [5th Cir. 1960]; Nationwide Mutual Ins. Co. v. Fidelity & Casualty Co. of New York, 286 F.2d 91 [3rd Cir. 1961]; and Traveler's Indemnity Company v. Standard Accident Insurance Co., 329 F.2d 329 [7th Cir. 1964]. However, these cases differ in several important aspects from the controversy now before this court, as will be discussed hereinafter.

In the subject suit Vance and Allstate have made defendants all interested parties to this action including the injured plaintiffs. In the complaint they are not merely asking that this court decide primary and secondary coverage; they are contending that Vance was not responsible in any manner for the truck or driver at the time of the collision, since the lease agreements between Vance and Forrester had been terminated prior to the accident; that the driver of the truck at the time of the accident was the sole agent or employee of Forrester; that Allstate consequently has the sole duty to defend Vance, and, that it is not obligated to defend Forrester, the truck, or the driver of the truck, in the suit, and in effect cannot be liable for any judgment recovered by the injured parties.[1]

In Travelers and Nationwide, supra, cited by defendants, the contesting insurance companies were insurers of defendants in a personal injury action, the question before the court being primary and secondary coverage; only the contesting insurance companies were parties to the action; and the courts there were reluctant to declare rights and obligations of the companies without the insureds being parties to the suit.

In American, supra, the insureds as well as the insurers were in the suit and two questions were before the court in the declaratory judgment action: [1] which company was obligated to defend, and [2] which company was primarily liable. The court decided the first question, but refused to consider the second until liability had been settled by court determination. The question of non-liability of either company, which is present in the action here, was not raised in that suit.

1. The prayer of plaintiff's complaint asks that this court declare: "1] That the Lease between Vance Trucking Company, Inc. and Forrester Trucking Company, Inc. at the time and place of this accident had been terminated; 2] That the driver or operator at the time and place of this accident was the sole agent or servant of Forrester Trucking Company, Inc.; 3] That all agreements existing by and between Forrester and Vance had terminated prior to the time of this accident hereinabove referred to; 4] That Allstate Insurance Company's policy covering Vance Trucking Company, Inc. does not extend to the driver-operator of said truck, to the truck itself or to Forrester Trucking Company, Inc. and that Allstate's sole liability is to defend Vance Trucking Company, Inc. 5] For such other and further relief as the Court may, in its discretion grant."

Whether to grant or refuse an action for declaratory judgment is within the discretion of the trial judge. In Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 [4th Cir. 1937] the court said:

"And the rule is well settled under the English statute and court rules that the granting of declaratory relief is a matter resting in the court's discretion. * * * While the federal act does not expressly provide that the granting of declaratory relief shall rest in the court's discretion, this is clearly implied from the fact that it merely gives the court power to grant the remedy without prescribing any of the conditions under which it is to be granted, and it is hardly to be supposed that it was intended that it should be granted as of course in every case where a controversy exists. * * *

"As said by Judge Knight in the case of Automotive Equipment Co. v. Trico Products Corporation, however, the discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *."

Other recent cases in which the Fourth Circuit has determined declaratory judgment actions in cases involving controversies over insurance policies and coverage prior to the disposition and determination of the related tort actions are: Pennsylvania Th. & F. Cas. Ins. Co. v. Hartford Accident and Indemnity Co., et al., 310 F.2d 618 [1962]; Stout v. Grain Dealers Mutual Insurance Company, 307 F.2d 521 [1962]; Insurance Company of North America v. Atlantic National Insurance Company, 329 F.2d 769 [1964].[2]

Defendants admit that declaratory judgment actions have been widely used to determine liability of an insurance company in advance of trial if judgment may be obtained in the future against its insured, but contends that in the case here there can be no actual case or controversy between plaintiffs and defendants until liability is established, the controversy not being between an insurer and its insured.

The court does not agree with this contention. There is presently a controversy as to which company must defend Forrester, Vance, the truck and the driver in the pending tort suit. If Vance's lease with Forrester had expired at the time of the accident, then apparently Vance and Allstate will owe no part of any judgment ultimately obtained by the injured parties. Secondly, the determination as to the status of Vance's lease with Forrester at the time of the accident is important to injured plaintiffs' tort actions. In effect plaintiffs' prayer for relief asks that the court declare Vance and Allstate to be free from any and all liability resulting from the operation of the subject truck. The court concludes that such is a real, and substantial controversy, the determination of which will be binding on all parties concerned.

Plaintiffs herein call attention to Canal's complaint in the state court suit for declaratory judgment, wherein it is alleged by Canal in that action involving the same issues as in instant case that a justiciable controversy exists between the insurance companies arising out of the respective contracts of insurance.[3]

---

2. See also the recent case of Maryland Casualty Co. v. Scott Nelson Burley, Jr., et al., 4 Cir., 345 F.2d 138, decided April 29, 1965.

3. Paragraphs 15 and 17 of Canal's complaint in the State Court action are as follows:

"15. That a dispute has arisen between plaintiff and defendant Allstate Insurance Company as to which company has the primary coverage involved herein and this dispute gives rise to a justiciable controversy.

The court finds that a justiciable controversy does exist between parties to this suit; it is, therefore, ORDERED that defendants' motion to dismiss be, and it hereby is, denied.

"17. Plaintiff alleges that there is a justiciable controversy existing between the parties hereto arising out of the re- spective contracts of insurance issued by the plaintiff and by Allstate Insurance Company; * * *."