## COMPANION ASSURANCE COMPANY, Plaintiff

### v.

### ALLIANCE ASSURANCE COMPANY, LTD., INSURANCE COMPANY OF NORTH AMERICA and THE HOME INSURANCE COMPANY, Defendants

Civil No. 1983/308

District Court of the Virgin Islands

Div. of St. Croix

June 4, 1984

EDWARD HASKINS JACOBS, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

WARREN B. COLE, ESQ., Christiansted, St. Croix, V.I., *for defendant*

GEORGE S. ELTMAN, ESQ., Christiansted, St. Croix, V.I., *for defendant Insurance Company of North America*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for defendant The Home Insurance Co.*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on motion of the defendants Insurance Company of North America (hereafter "INA") and The Home Insurance Company (hereafter "Home") for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The dispositive issue raised by the motion is whether this Court has subject matter jurisdiction in a declaratory judgment action to adjudicate the rights, responsibilities, and priorities of the potential excess insurance carriers in an underlying tort action. Reluctantly, and for the reasons set forth more fully below, we decline jurisdiction at this time, and grant the defendants' motion.

### I. FACTS

Plaintiff Companion Assurance Company (hereafter "Companion") filed this declaratory judgment action pursuant to 5 V.I.C. § 1261 et seq. (1967) requesting the court to determine which of the named insurance carriers has a primary duty to defend, and the respective rights and priorities of the remaining excess insurers. The factual posture of the case is as follows.

On December 1, 1980, a 1974 model yellow BMW driven by Lawrence E. Newton collided with a vehicle operated by Henry E. Fagon. At the time of the accident, Newton was allegedly an employee or agent of the Mahogany Run Development Corporation (hereafter "MRDC") acting within the scope of his duties. The BMW was leased to MRDC by its owner James S. Armour. It was insured by Alliance Assurance Company, Ltd. (hereafter "Alliance") under an automobile liability insurance policy issued to Robert J. Armour and James S. Armour, d/b/a Armour Associates. James S. Armour is further insured under a personal catastrophe policy by INA. MRDC was insured by a basic automobile liability and physical damage policy issued by Home. Further coverage was provided for MRDC by Companion.

An action for damages was instituted in the District Court of the Virgin Islands, Division of St. Thomas and St. John by the parties injured as a result of the accident. They sued James S. Armour d/b/a/ Armour Enterprises/Associates, Lawrence E. Newton, and MRDC. See Fagon v. Armour, Civ. No. 81-175. Companion initially undertook the defense for MRDC in the underlying tort action, and, consequently brought this declaratory judgment

action seeking a declaration that the defendant Alliance is the primary insurer of MRDC, and a determination of the rights and responsibilities of it and the remaining two defendants, INA and Home.

During the pendency of this lawsuit, on February 7, 1984, the cause of action was dismissed without prejudice as between Companion and Alliance, when Alliance conceded that it is primarily liable for defending MRDC as well as the other defendants in the underlying personal injury action. The remaining issue before this Court, therefore, is the order of liability, if any, of the remaining insurers, Companion, INA, and Home, for any excess above the Alliance limits of coverage.

## II. DISCUSSION

Defendant INA claims that this Court lacks jurisdiction over the subject matter of this action, that plaintiff's complaint fails to state a claim upon which relief can be granted, and that plaintiff has failed to join indispensable parties. For all of these reasons, INA and Home move for a judgment on the pleadings. Because we believe the case must be dismissed for lack of jurisdiction, we do not read the other issues.

The Virgin Islands Declaratory Judgments Act, 5 V.I.C. § 1261 et seq. (1967), codifies the Uniform Declaratory Judgments Act, 12 U.L.A. 109 (1975). By definition, the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202 (1976 & Supp. II 1978), does not apply to the District Court of the Virgin Islands.[1] But, to the extent that the Virgin Islands Act and the Federal Act are similar, decisions construing the Federal Act are persuasive.[2] Peterson v. Malone, 14 V.I. 266, 268 (Terr. Ct. 1977).

_____
[1] Title 28 U.S.C. § 2201 (Supp. II 1978) applies to "any court of the United States". As defined by 28 U.S.C. § 451 (1976) the district court of the Virgin Islands is not included.

Before the enactment of 5 V.I.C. § 1261 et seq. the Federal Act was held to be applicable insofar as it is a procedural statute which does not enlarge the jurisdiction of the United States courts. Ottley v. De Jongh, 3 V.I. 229, 149 F.Supp. 75 (D.V.I. 1957); H. I. Hettinger & Co. v. Municipality of St. Thomas & St. John, 2 V.I. 156 (D.V.I. 1950), aff'd, 2 V.I. 509, 187 F.2d 774 (3d Cir. 1951). In Holmes v. Government of the Virgin Islands, 370 F.Supp. 715, 717 (D.V.I. 1974), the court made clear that the Federal Declaratory Judgments Act was superseded by the adoption of the Uniform Act as part of the Virgin Islands Code.

[2] Title 5 V.I.C. § 1272 provides:
This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those jurisdictions which enact it and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees.

■ The District Court of the Virgin Islands is empowered to grant declaratory relief provided that an "actual controversy" exists between the parties. Norman's on the Waterfront, Inc. v. Wheatley, 317 F.Supp. 247, 249 (D.V.I. 1970), aff'd, 317 F.Supp. 247, 249 (D.V.I. 1970), aff'd, 444 F.2d 1011 (3d Cir. 1971); Virgin Islands Terr. Bd. of Realtors v. Wheatley, 6 V.I. 185, 190–91 (D.V.I. 1965). Indeed, the requirement that an actual controversy exists is no more than a recognition that the federal judicial power is limited to "cases" and "controversies" pursuant to the United States Constitution, Art. III § 2, cl. 1. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1940); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1936).

■■ In Maryland Casualty Co., the United States Supreme Court found it difficult to fashion a precise test for determining whether a justiciable controversy exists. It stated that ". . . the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at 273. Thus, federal courts are not authorized to give advisory opinions based upon a hypothetical set of facts which may never come into being. Aetna, supra, at 241; Nationwide Mut. Ins. Co. v. Fidelity & Casualty Co. of N.Y., 286 F.2d 91, 92 (3d Cir. 1961); American Fidelity & Casualty Co. v. Pennsylvania Thresherman & Farmers' Mut. Casualty Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960).

Having established that Alliance is the primary insurer in the case at bar, the Court is requested to determine the order of priority as to excess coverage of the remaining insurers, Companion, INA, and Home. Pivotal in our review of whether this issue presents a justiciable controversy is the fact that there has been no judgment or settlement in the underlying tort action against the insured.

■ A number of courts, the Third Circuit included, have decided that declaratory actions of this kind should not be entertained until liability is established.[3] See Traveler's Indem. Co. v. Standard

---

[3] Cases, including those cited by Companion, granting declaratory relief prior to judgment in the underlying tort action are distinguishable on the facts. Where an insured is denied coverage, and not afforded a defense, the issue of which insurance company is primarily liable and thereby bound to defend is a justiciable controversy ripe for declaratory judgment. See, e.g., West Am. Ins. Co. v. Allstate Ins. Co., 295 F.2d 513 (10th Cir. 1961); County of Wyoming, N.Y. v. Erie Lackawanna Ry. Co., 360 F.Supp. 1212 (W.D.N.Y. 1973), aff'd, 518 F.2d 23 (2d Cir. 1975); Vance Trucking Co. v. Canal Ins. Co., 243 F.Supp. 469 (W.D.S.C. 1965).

Accident Ins. Co., 329 F.2d 329 (7th Cir. 1964); Nationwide, supra; American Fidelity, supra; Government Employees Ins. Co. v. Keystone Ins. Co., 408 F.Supp. 1185 (E.D. Pa. 1975); Great Northern Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67 (N.D. Ga. 1968); Allstate Ins. Co. v. Federated Mvt. Implement & Hardware Ins. Co.. 254 F.Supp 629 (D.S.C. 1966); Maryland Casualty Co. v. Transportation Underwriters, 240 F.Supp. 192 (N.D. Ohio 1965); Employers' Liability Assurance Corp. v. General Fire & Casualty Co., 221 F.Supp. 923 (E.D. Pa. 1963). This is especially true where, coverage is admitted but the companies are disputing who is the primary or excess carrier. United States Fidelity & Guar. Co. v. Millers Mvt. Fire Ins. Co. of Texas, 396 F.2d 569 (8th Cir. 1968).

█ In opposition to the defendant insurance companies' motion, Companion asserts that there is an actual controversy ripe for declaratory judgment. In support, Companion points to a pretrial memorandum wherein the presiding magistrate opined that there is a strong likelihood that the underlying tort action cannot be settled within the limits of the primary coverage. The Alliance policy provides for $100,000/$300,000 bodily injury coverage. The ad damnum clause in the Fagon v. Armour case seeks $950,000 in compensatory and punitive damages. Nevertheless, liability has not been established and a ruling as to the priorities of coverage of the other insurance carriers would amount to an advisory opinion. We hold, therefore, that this Court is without subject matter jurisdiction at this time. We do this reluctantly as we find it important that all insurers, or potential insurers, be kept abreast of the proceedings in the underlying tort action and any settlement discussions. The weight of authority, however, compels us to dismiss this action.

## ORDER

THIS MATTER is before the Court on motion of the defendants Insurance Company of North America and the Home Insurance Company for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT defendants' motion be and the same is hereby GRANTED; and that plaintiff Companion Insurance Company's complaint

---

The Third Circuit has made this distinction as well. Transport Indem. Co. v. Home Indem. Co., 535 F.2d 232, 234 n. 2 (3d Cir. 1976); Globe Indem. Co. v. St. Paul Fire & Marine Ins. Co., 369 F.2d 102, 104 (3d Cir. 1966).

against the Insurance Company of North America and The Home Insurance Company be and the same is hereby DISMISSED, without prejudice.