286 F.2d 91
 NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, Appellant
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK, a corporation, and United States Fidelity and Guaranty Company, a corporation.
 No. 13395.
 United States Court of Appeals Third Circuit.
 Argued December 9, 1960.
 Decided January 18, 1961.
 
 Lee C. McCandless, Butler, Pa., for appellant.
 H. A. Robinson, Pittsburgh, Pa. (Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for appellees.
 Before BIGGS, Chief Judge, and GOODRICH and FORMAN, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 This is a declaratory judgment case. The plaintiff, Nationwide Mutual Insurance Company (Nationwide), brought a declaratory judgment action against the defendant insurance companies[1] seeking a declaration with respect to the rights of the insurance companies "as applicable to the indemnification of John W. Snyder, owner, and Melvin Plunkard, driver, of a dump truck" involved in an accident in September, 1957. The trial judge denied the plaintiff's prayer for a decree relieving it of responsibility for the defense of the parties sued in an action in Butler County, Pennsylvania, and said that the effect of his holding "simply is that plaintiff defend the parties sued." He also declined to grant any relief in terms of the respective liabilities of the insurance companies for any recovery which might be had. 188 F.Supp. 377, D.C.W.D.Pa.1960. This was not the result which Nationwide was seeking and it appeals.
 
 
 2
 There are three insurance companies involved. Nationwide insured Snyder. Fidelity & Casualty Company of New York insured Sechan. United States Fidelity and Guaranty Company insured Ralph Myers Construction Company (Myers). Snyder is a trucker. Myers was building a road up in Butler County and Sechan was doing hauling of material for Myers.
 
 
 3
 On the day of the accident in question Snyder sent some of his trucks to the Myers job and they were put to work in the road building project of Myers. A Snyder truck driven by a man named Plunkard collided with a passenger car driven by a man named Cushey. Cushey was hurt. An occupant of the car named Blakely was killed and another passenger named Neupert[2] was badly injured.
 
 
 4
 Blakely's administrator sued, in the Common Pleas Court of Butler County, Cushey, Plunkard, Snyder, Sechan and Myers. Cushey, Plunkard and Snyder settled for $5,000. Who actually paid the money we do not know.[3]
 
 
 5
 Cushey sued Plunkard, Snyder, Sechan and Myers in Butler County, Pennsylvania. A compulsory non suit was granted, and the case is presently before that court on a motion to remove the non suit. Neupert is also suing the same defendants in the same court. And Neupert is also adding Cushey as a defendant.
 
 
 6
 The reason for this controversy among the insurance companies is that each claims that the policy issued by it has an excess insurance clause. Not unnaturally, each company insists that it is only liable under the excess clause in the policy it has issued. And each wants someone else to take the main burden.
 
 
 7
 The trial judge was in error in giving directions to Nationwide to defend these suits on behalf of the other insurance companies. But the trial judge was right in refusing to settle all the relations of the insurers among themselves. This is not a proper case for a declaratory judgment at this stage.[4] Each of these companies has insured some one or more of the persons involved in this Butler County litigation. How that litigation will come out nobody knows at this time. If all the law suits fail then there will be no money paid out by any of the insurance companies. If one or more of them succeed as against some one or more of the defendants that will raise, in due time, the question of who has the primary responsibility for paying. But at this time nobody is under any liability to pay. Federal courts are not authorized to give advisory opinions[5] and if we told the insurance companies their respective rights and duties against each other we certainly would be giving an advisory opinion.[6] Each of the insurance companies has issued an insurance policy. It is called upon under the terms of that policy to defend its insured if action is brought against him. Such actions have been brought. It is impossible for us to say in this action where the insureds are not parties that any company is relieved of its duty to defend.
 
 
 8
 The judgment will be reversed and the case remanded to the trial court with the directions to dismiss.
 
 
 
 Notes:
 
 
 [1]
 The jurisdiction of this action is founded on diversity of citizenship. The complaint was filed on December 3, 1957. Section 1332 of 28 U.S.C. prior to the 1958 amendment applies
 
 
 [2]
 In the complaint in this action the name is spelled "Neubert" as it is in the appellant's brief. However, in the Agreed Statement of Facts and the opinion of the lower court, it is spelled "Neupert"
 
 
 [3]
 The record is in some state of confusion as to who paid for the settlement. The complaint in this action alleges, and the Agreed Statement of Facts provides, that Cushey paid $2,500, and Plunkard and Snyder paid $2,500 between them. Nationwide's Motion for Advancement on the Calendar and Speedy Hearing states that the claim was "settled by one of the insurance companies." Which one is not specified
 
 
 [4]
 See American Fidelity & Casualty Co., Inc. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co., 5 Cir., 1960, 280 F.2d 453
 
 
 [5]
 "It [the controversy] must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617
 
 
 [6]
 The number of possible verdicts which could be reached in the pending suit brought by Neupert is huge. The jury could find no party liable. They could find Cushey solely liable. There could be a master-servant relationship between Plunkard and any possible combination of Snyder, Sechan and Myers. To attempt to sift out all the potential verdicts and place the liability of the insurers in each event is not only beyond our powers, it would be a fruitless task