**GLENS FALLS INSURANCE COMPANY, Plaintiff,**

v.

**Charles W. SCHINDEL, individually and trading and doing business as Bud's Tavern; Robert L. Pifer and Gloria F. Pifer, his wife; Robert L. Pifer, Administrator of the Estate of Douglas Allan Pifer, a minor, deceased; Dolores Caye and Frank Caye, her husband, and Buckeye Union Casualty Company, a corporation, Defendants.**

Civ. A. No. 61–178.

United States District Court W. D. Pennsylvania.

Oct. 19, 1961.

William Challener, Pittsburgh, Pa., for plaintiff Glens Falls Ins. Co.

Gerald Weaver, Pittsburgh, Pa., for defendant Schindel.

Amelia Ann Scigliano, Pittsburgh, Pa., for defendants Robert L. and Gloria F. Pifer.

James F. Manley, Pittsburgh, Pa., for defendants Dolores and Frank Caye, and Buckeye Union Cas. Co.

McILVAINE, District Judge.

In this case the plaintiff, Glens Falls Insurance Company, hereinafter referred to as Glens Falls, has brought an action in which they seek declaratory judgment for the interpretation of certain contracts of insurance issued by them and by Buckeye Union Casualty Company, hereinafter referred to as Buckeye. Although their complaint does not contain

as clear a statement as to the Court's jurisdiction as we feel a proper complaint ought to contain, nevertheless, there are sufficient facts plead from which we can determine the allegations of jurisdiction.

This lawsuit arose out of an accident which occurred on May 21, 1959, when defendant, Dolores Caye, was operating her husband's 1957 DeSoto automobile and was involved in a collision with a taxicab. Following the collision her automobile left the street and went on to the sidewalk, striking Douglas Allan Pifer and Gloria F. Pifer. As a result Douglas Allan Pifer died, and Gloria F. Pifer suffered such serious injuries that the amputation of both legs was required.

It is alleged that prior to this accident, Dolores Caye and her husband, Frank Caye, were in a tavern operated by Charles W. Schindel, hereinafter referred to as Schindel, which tavern was known as Bud's Tavern. It is alleged that Schindel served liquor or malt or brewed beverages to Mr. and Mrs. Caye. That it was served while they were visibly argumentative, quarrelsome, and in a disquieted and disturbed state of mind so as to cause them to become intoxicated, all of which was contrary to the common law duty and contrary to the provisions of the Pennsylvania Liquor Code. 47 P.S.Pa. § 1–101 et seq.

Suit was brought by Robert L. Pifer and Gloria F. Pifer against Schindel in the Court of Common Pleas of Allegheny County in which they alleged a breach of duty on the part of Schindel. There was also a suit brought by them against Dolores Caye.

Glens Falls had issued an insurance policy to Schindel known as an Owners', Landlords', and Tenants' Liability Policy. Schindel contended that this policy affords him coverage in the lawsuit instituted by Pifers. Glens Falls on the other hand contends that certain exclusions in the policy do not grant coverage to Schindel.

Nevertheless, Schindel and Glens Falls entered into a non-waiver agreement under the terms of which without waiver of rights Glens Falls instructed an attorney of the Bar of Allegheny County to enter his appearance on behalf of Schindel and furnish him a defense.

Thereafter Glens Falls filed this lawsuit. The complaint is in four counts, and it recites all of the facts as we have set them forth above. They seek in the first count of their complaint a determination by this Court to construe the provisions of the policy of insurance to determine what are the respective rights and obligations that they owe to Schindel.

The Supreme Court in commenting upon and discussing the Declaratory Judgments Act, 28 U.S.C A. § 2201 said:

"But when all of the axioms have been exhausted and all words of definition have been spent, the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power. While the courts should not be reluctant or niggardly in granting this relief in the cases for which it was designed, they must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions, especially in the field of public law." Public Serv. Comm. v. Wycoff Co., 344 U.S. 237, 243, 73 S.Ct. 236, 240, 97 L.Ed. 291.

This, of course, furnishes the general outline which we must follow. Very recently the Court of Appeals for this circuit in the case of Nationwide Mut. Ins. Co. v. Fidelity & Casualty Co. of N. Y., 3 Cir., 1961, 286 F.2d 91 said that the federal courts are not authorized to give advisory opinions and should not tell insurance companies their respective rights and duty against each other, for to do so would be giving an advisory opinion. This principle has been followed in this district. See United States Fidelity & Guaranty Co. v. Fidelity & Casualty Co. of N. Y. (C.A. 61–19 D.C. W.D.Pa.1961).

Whether Glens Falls has any duty to pay in this case depends, of course, on

whether Pifers are able to sustain their burden of proof in the Common Pleas Court.

All of the parties in this lawsuit assert that this Court has jurisdiction to hear the case and should exercise its discretion in determining the alleged controversies. However, this Court was not completely satisfied that it was clear that its discretion should be exercised in the determination of the issues raised by the complaint at this time. Accordingly, we requested the parties to advise the Court of their positions as to jurisdiction of the Court to hear this case.

A case strikingly similar to this one is Knapp v. Hankins, D.C.E.D.Ill.1952, 106 F.Supp. 43. In that case there was an automobile accident which resulted in injuries, and a suit was brought against the tavern owner who had served liquor to the driver of the car. The Court took jurisdiction to determine the question of whether the policy issued to the tavern owner afforded him coverage in that situation, because it felt that the insurance company was in a precarious situation in that if it did not employ counsel to defend the policy and if the policy would be declared valid, the company would breach the terms of the policy and be liable. On the other hand, if it had knowledge of the circumstances and did employ counsel, and did defend the suit without first obtaining a non-waiver agreement, it would waive the breach and be compelled to pay the judgment. However, the important distinction between the instant case and the Knapp case is that here the insurance company, Glens Falls, did obtain a non-waiver agreement.

Glens Falls is not in a precarious situation. If Schindel is not found liable for the accident to the Pifers, that is the end of the litigation. Only if he is found liable does the question arise as to the extent of their coverage. We frankly do not think that we should entertain jurisdiction at this point to determine the extent of their policies, as it will not save anyone any time or expense, nor will it aid in the disposition of any litigation.

The Chief Judge of this district in an opinion in the case of U. S. Fidelity and Guaranty Co. v. Fidelity & Casualty Co. of N. Y., supra, recently held that federal courts are not authorized to give advisory opinions, and that if we should give advisory opinions to insurance companies we would be in violation of the mandate of the court of appeals in this circuit issued in the Nationwide case, supra. That we will not do.

In the second count of the complaint, Glens Falls asserts their claim against Buckeye in that they assert that Buckeye ought to defend Schindel under the omnibus provisions of the Buckeye auto policy. But they do not clearly assert that Schindel has even asked Buckeye to defend him, and in any event what we have said above in regard to advisory opinions would apply to the second count of the complaint.

In the third count of the complaint, Glens Falls brought suit against Pifers, and while they assert that there is a controversy between Glens Falls and Pifers, and they assert that the Pifers have a legal interest in the determination of the coverage afforded to Schindel, we do not feel that they do. We know of no case that holds that an individual has a right to bring a lawsuit against an insurance company to defend an insured. How then can an insurance company bring a lawsuit against one who has been injured to determine that the insurance company has no duty to defend the alleged tort-feasor?

In the fourth count, Glens Falls has brought a lawsuit against Frank and Dolores Caye. Dolores Caye was, of course, the driver of the automobile involved in this accident. It has not been shown to the satisfaction of this Court what dispute there is between the Cayes and Glens Falls. The only substantial dispute as we have said is between Glens Falls and Schindel, and in that instance a non-waiver agreement has been entered into which will adequately protect both

Schindel and Glens Falls until the principal suit has been decided.

At this time there is no need for this Court to entertain the Declaratory Judgment Action filed by Glens Falls, and an appropriate order dismissing the complaint will be entered.