**AMERICAN MOTORISTS INSURANCE COMPANY**

v.

**Beulah B. MACK**

v.

**Norman LUBER.**

**Civ. A. No. 37416.**

United States District Court
E. D. Pennsylvania.
Dec. 29, 1965.

Norman Paul Harvey, Philadelphia, Pa., for plaintiff.

Irwin Paul, Philadelphia, Pa., for defendant Luber.

BODY, District Judge.

Before us is a Motion by Defendant, Norman Luber, to Dismiss Plaintiff's Petition for Declaratory Judgment.[1]

On June 5, 1964 Norman Luber instituted a civil action against Beulah B. Mack in the Court of Common Pleas, Philadelphia County,[2] alleging that he was struck by bullets or pellets which had been negligently and carelessly discharged from a rifle on November 30, 1963 while lawfully on the premises of said Beulah B. Mack.

Prior to November 30, 1963 plaintiff herein issued to Beulah B. Mack a policy of insurance which, *inter alia,* insured her against liability for damage which she, the insured, "shall become legally obligated to pay * * * because of bodily injury."

However, the insurance company avers in its petition for relief filed with this Court under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, that

1. It appears that defendant Beulah B. Mack has not joined in the instant motion because she is without funds to retain an attorney for this purpose.

2. That state court action is captioned Norman Luber v. Beulah B. Mack, Court of Common Pleas No. 7, June Term 1964, No. 389, and is now on the jury trial list in that court.

Beulah B. Mack is not entitled to coverage under said policy because:

(a) The shooting of Luber by Mack was intentional and that Exclusion (C) in the policy specifically excluded from coverage, liability for bodily injury caused intentionally by the insured.

(b) Although the wounding of Luber and its immediate consequences were known to Mack at the time of the occurrence, no report was made to plaintiff by Mack or anyone acting in her behalf until January 17, 1964 when telephone notice was given. Written notice according to the terms and conditions of the said policy was not given until January 20, 1964. Mack, therefore, failed to comply with Condition 3 of the policy which required written notice of the occurrence as soon as practicable.

(c) Mack failed to comply with Condition 5 of the policy which required the assistance and cooperation of the insured by making conflicting and inconsistent statements concerning the occurrence and by failing to cooperate in obtaining certain evidence.

In its prayer, plaintiff requested the Court to declare:

(a) That plaintiff has no obligation whatsoever under the policy of insurance issued to Mack to provide coverage for her in any action brought by Luber against her for his injuries resulting from the wounds inflicted on November 30, 1963;

(b) That it has no obligation to provide a defense for Mack in the action filed by Luber or to pay any portion of any judgment or settlement obtained by Luber against her.

The principal issue presented by defendant's Motion to Dismiss is whether the Court, as a matter of discretion, should decline to exercise jurisdiction in this petition for declaratory judgment brought by an insurer against the insured and an injured third party.

■ Although this matter is before the Court because of diversity of citizenship, it is clear that federal law determines whether a federal court can and may properly render a declaratory judgment. 6 Moore's Federal Practice, 2d Ed. p. 3014

■ And while it is true that federal courts should not render advisory opinions, Nationwide Mutual Ins. Co. v. Fidelity & Casualty Co. of N. Y., 286 F.2d 91 (3rd Cir. 1961), a district court may entertain a declaratory judgment action when the disposition might settle the issues in full. Maryland Casualty Co. v. Consumers Finance Service, 101 F.2d 514 (3rd Cir. 1938) That is the situation here.

■ In the Maryland Casualty case, supra, decided in this Circuit, Judge Maris noted that the pending state court action would not necessarily settle the point in issue in the declaratory action— the insurance company's liability under the policy. We reach the same conclusion with respect to the present action since a jury verdict in the state court may not settle the question of whether the injury was intentional or unintentional or the issue of whether Mack complied with the other terms and conditions of said policy. A declaration on the merits by the district court, however, might well determine that the insurer has no duty whatsoever to defend. On the other hand, if it is found that the insurance company must defend Mack in the state court action, that action could then proceed against her with the plaintiff herein acting on her behalf.

■■ In any event the conclusion is reached that the plaintiff, American Motorist Insurance Company, has presented a real and justiciable controversy, entitling it to a declaration on the merits. It should also be remembered that the pendency of a state court action is only one factor to be considered in determining if the granting of a declaratory judgment would serve a useful purpose 6 Moore's Federal Practice, 2d Ed. p 3013, 14

Furthermore, the rationale of the Maryland Casualty decision, supra, has been followed in this district. Allstate Ins. Co. v. Dillard, 190 F.Supp. 111 (E.D. Pa.1960)

Plaintiff places great reliance on Stout v. Grain Dealers Mutual Ins. Co., 307 F.2d 521 (4th Cir. 1962), a declaratory judgment action involving a factual situation and legal questions very similar to the case at hand. The Court held that the insurer was not required to defend a state court action brought by the administratrix of a deceased prowler who had been shot by the insured, where the defense in the wrongful death action was that the death was not intentional and the policy excluded coverage for intentionally inflicted death.

The court commented that the insurance company should not be required to defend the insured until the issue of whether the injury was intentionally or unintentionally inflicted is decided because the obvious conflict of interest would make it impossible for the company to conscientiously fulfill the role of defender. Judge Sobeloff, speaking for the court, then stated:

> " * * * the present suit serves the dual purpose of determining with finality the company's obligation to defend and its ultimate liability for any judgment rendered against the insured. *This was a perfect case for declaratory judgment.*" (Emphasis supplied.) Id. at 524.

Although the Stout case involved a construction of the North Carolina Declaratory Judgment Act, rather than the Federal Declaratory Judgment Act, we agree with the rationale expressed therein and adopt that reasoning in the instant case.

Defendant cites the case of Nationwide Mutual Ins. Co. v. Fidelity Casualty Co. of N. Y., 286 F.2d 91 (3rd Cir. 1961), as supporting the proposition that an insurance carrier is not entitled to use the Federal Declaratory Judgment Act in order to determine coverage. We think that defendant has misplaced his reliance

on that decision since Judge Goodrich stated in Nationwide that:

> "It is impossible for us to say in this action *where the insureds are are not parties* that any company is relieved of its duty to defend." (Emphasis supplied.) 286 F.2d at 93.

The matter presently before the Court is not between two or more insurance carriers, but is a real controversy between the insurer and the insured plus an injured third person.

It is my conclusion, therefore, that the instant case is a proper one for a declaratory judgment.

### ORDER

And now, this twenty-ninth day of December, 1965, it is ordered that the motion of Defendant, Norman Luber, to Dismiss Plaintiff's Petition for Declaratory Judgment be and the same is denied and the matter will proceed on the merits.