John Basil Thomas **BIRD** et al.

v.

The **PENN CENTRAL COMPANY** et al.

Charles S. **HILL** et al.

v.

**UNDERWRITERS ·AT LLOYD'S, LONDON**, an unincorporated association, et al.

William L. **DAY** et al.

v.

**UNDERWRITERS AT LLOYD'S, LONDON**, an unincorporated association, et al.

Civ. A. Nos. 71–358, 71–508, 71–619.

United States District Court,
E. D. Pennsylvania.

Nov. 30, 1972.

No. 71–358:

James J. Binns, Philadelphia, Pa., E. Barrett Prettyman, Jr., Stuart Philip Ross, Hogan & Hartson, Washington, D. C., Walter W. Ross, Peterson, Ross, Rall, Barber & Seidel, Chicago, Ill., for plaintiffs.

Joseph G. Manta, Edward C. German, LaBrum & Doak, Philadelphia, Pa., for defendant Bevan.

Raymond K. Denworth, Jr., Drinker, Biddle & Reath, Philadelphia, Pa., for defendants Day, Dorrance, Harnwell, Rauch, Rincliffe and Seabrook.

Miles H. Shore, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant Gerstnecker.

Harry A. Takiff, Takiff, Bolger & Murphy, Philadelphia, Pa., for defendant Saunders.

Joseph W. Swain, Jr., John S. Estey, Montgomery, McCracken, Walker &

Rhoads, Philadelphia, Pa., for defendant Symes.

No. 71–508:

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiffs.

No. 71–619:

David P. Bruton, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiffs.

James J. Binns, Philadelphia, Pa., E. Barrett Prettyman, Jr., Stuart Philip Ross, Hogan & Hartson, Washington, D. C., for defendants in Nos. 71–508 and 71–619.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

In 1968, certain named underwriters trading under the name of Lloyd's of London issued two insurance policies to the Penn Central Company and its officers and directors.[1] One is a Directors and Officers Liability policy which insures severally the distinct insurable interest of each officer and director; the other provides for reimbursement to the Company in the event that it has to indemnify its officers and directors for personal liability. The Underwriters have an action pending in this court (No. 71–358) in which they seek recission of the insurance contracts on the ground that material misrepresentations were made in the application for coverage. Forty of the insured directors and officers,[2] either as counterclaimants in No. 71–358 or as plaintiffs in No. 71–508 and No. 71–619, now ask for a declaratory judgment that the insurance policies provide coverage for the various costs they will incur in defending numerous lawsuits which allege that they committed wrongful acts in their official capacities. The Underwriters have moved to dismiss or in the alternative to stay.

■■ A court may grant declaratory relief only where an "actual controversy" exists. 28 U.S.C. § 2201. No precise test has been formulated for determining what is, or what is not, a controversy within the meaning of the Declaratory Judgment Act. Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1940). It is well settled, however, that litigants may not use declaratory judgment proceedings as a means of obtaining an opinion "advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1936). *See also* Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1910). A court's function in a declaratory judgment suit, as in an action for coercive relief, is to settle actual disputes between adverse parties, not to rule on abstract questions or to determine what a party's rights might be in factual situations that may or may not come to pass.

■■ The extent of an insurer's liability under an insurance policy is an issue which may properly be resolved in a declaratory judgment action. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, *supra*; Maryland Casualty Co. v. Consumers Finance Service, 101 F.2d 514 (C.A. 3, 1938). However, the directors and officers do more than simply request declaratory relief on the extent of coverage. They are instead asking us, in effect, to assume that the validity of the insurance contracts has been established and to advise them of their rights as if that particular hypothetical situation were a reality. The validity of the policies is the subject of pending litigation, the outcome of which nobody can know. The Underwriters may succeed in their efforts to have the insurance contracts declared void *ab initio*, in which case the question of coverage would obviously be

---

1. We have previously held that the Lloyd's insurance package consists of two separate policies. Bird et al. v. Penn Central Co. et al., 341 F.Supp. 291 (E.D.Pa. 1972).

2. None of the parties is currently a director of the Company or its subsidiaries; only a few are presently officers. We refer to them as "officers and directors" only for the sake of convenience.

moot; or they may fail. Until and unless it is finally determined that there are valid insurance policies, anything we might say about the extent of coverage would be entirely speculative and advisory. Declaratory relief is therefore inappropriate at this time. Nationwide Mutual Insurance Co. v. Fidelity & Casualty Co. of New York, 286 F.2d 91 (C.A. 3, 1961).

ORDER

And now, this 30th day of November, 1972, it is ordered that the defendants' counterclaims in Civil Action No. 71–358 be and they hereby are dismissed, without prejudice.

It is further ordered that plaintiffs' complaints in Civil Actions No. 71–508 and 71–619 be and they hereby are dismissed, without prejudice.