The SPIVEY COMPANY

v.

The TRAVELERS INSURANCE COMPANIES and Employers Reinsurance Corporation

v.

EVANS, CONGER, BROUSSARD & McCREA.

Civ. A. No. 75–2258.

United States District Court, E. D. Pennsylvania.

Feb. 4, 1976.

Edwin L. Scherlis, Philadelphia, Pa., for plaintiff.

James L. Griffith, Gerald A. Dennehy, Richard M. Jordan, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

On January 23, 1975, a jury in Cook County, Illinois, returned verdicts in favor of Peter Karabatsos, *et ux.,* and against plaintiff for $210,000. On August 6, 1975, plaintiff filed this action seeking a declaratory judgment that The

Travelers Insurance Companies ("Travelers") negligently and in bad faith failed to protect plaintiff's interests in the Illinois lawsuit, and that Employers Reinsurance Corporation ("Employers") acted improperly in denying insurance benefits to plaintiff to cover a portion of the above-mentioned verdict.[1] Travelers has allegedly advised plaintiff that it will be responsible only for $100,000 of the $210,000 verdict, while Employers has allegedly refused to provide any insurance protection on the ground that plaintiff violated the terms of the insurance contract by not informing Employers of the lawsuit and underlying occurrence. Presently before the Court are Travelers' and Employers' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

■ It is well settled that the granting or denying of relief in declaratory judgment actions is within the sound discretion of the court. *Brillhart v. Excess Insurance Company of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). However, before granting or denying such relief, a court must determine whether an "actual controversy" exists within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.[2] Although there is no precise definition as to what is or is not an "actual controversy," at the very least the facts averred must present a substantial controversy between adverse parties of sufficient immediacy and reality as to warrant a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

■■ There is no doubt that an "actual controversy" exists in this case since

---

1. At all relevant times, Travelers had in full force and effect a policy insuring plaintiff against liability for damage caused to individuals by products manufactured by plaintiff. This policy had an upwards limit of $100,000 per person. Similarly, plaintiff's "excess" insurance carrier, Employers, had a policy insuring plaintiff upwards to a limit of $1,000,000 with a retained limit of $10,000.

2. 28 U.S.C. § 2201 provides that:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

there has been a judgment against plaintiff, who is therefore under a liability to pay $210,000. *Nationwide Mutual Insurance Company v. Fidelity & Casualty Company of New York,* 286 F.2d 91, 92 (3d Cir. 1961); *Aetna Insurance Company v. Transamerica Insurance Company,* 262 F.Supp. 731, 733 (E.D.Tenn.1967); 10 *Wright & Miller, Federal Practice and Procedure: Civil* § 2760 at p. 799 (1973). The defendants contend that this suit is premature because the judgment has not yet reached a final stage. That is, the verdict is still subject to the normal sequence of post-trial motions and appeals, and it is "entirely possible" that the verdict could be set aside or reduced, or a new trial could be granted. Such an argument is without merit. It is just as "entirely possible" that the judgment holders may elect to stay execution or demand payments over a long period of time. Should plaintiff have to wait until the sheriff comes collecting or have to seek an order of reimbursement each time a payment is made? The presence of an "actual controversy" is measured at the time this Court acts, and at this time plaintiff is liable to pay $210,000. *See Wright & Miller, supra,* § 2757 at 765–766. The future or contingent character of payments that might be made in the years to come does not destroy the appropriateness of declaratory relief. *Seguros Tepeyac, S.A., Compania Mexicana de Seguros Generales v. Jernigan,* 410 F.2d 718, 728–729 (5th Cir.), *cert. denied,* 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969).

■■ Defendants also contend, without stating any reasons in support thereof, that this is not an appropriate case for a declaratory judgment. Suffice it to say that the extent of an insurer's liability concerning insurance coverage may properly be resolved in a declaratory judgment action. *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Maryland Casualty Co. v. Consumer Finance Service,* 101 F.2d 514 (3d Cir. 1938). Specifically, the Court is faced with a factual determination as to whether Travelers was negligent and evidenced bad faith, and whether plaintiff properly notified Employers in accordance with the provisions of the insurance policy. Both these determinations may properly be made in a declaratory judgment action. *See Smith v. Transit Casualty Company,* 281 F.Supp. 661 (E.D.Tex.1968), *aff'd,* 410 F.2d 210 (5th Cir. 1969), and *Sears, Roebuck and Co. v. American Mutual Liability Insurance Company,* 372 F.2d 435 (7th Cir. 1967); *American Motorists Insurance Company v. Mack,* 248 F.Supp. 1016 (E.D.Pa.1965). They may also properly be made by a jury. *See Seguros Tepeyac, S.A., Compania Mexicana de Seguros Generales v. Jernigan, supra; Ashbrook v. Kowalick,* 332 F.Supp. 78 (E.D.Pa.1971), *aff'd mem.,* 474 F.2d 1338 (3d Cir. 1973); Fed.R.Civ.P. 57. Thus, assuming a jury were to render a verdict in favor of plaintiff on the above-mentioned factual issues, this Court could then fashion a decree ordering defendants to pay plaintiff such sums as it is required to pay on the Illinois judgment until that judgment is fully satisfied. This is an appropriate case for declaratory relief and defendants' motions to dismiss will be denied.