**ALLENDALE MUTUAL INSURANCE COMPANY, a Rhode Island corporation, Plaintiff-Appellant,**

v.

**KAISER ENGINEERS, DIVISION OF HENRY J. KAISER COMPANY; Sergent Hauskins & Beckwith, Defendants-Appellees.**

No. 83–2671.

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1986.

Seth D. Montgomery (Katherine A. Weeks of Montgomery & Andrews with him on briefs), Santa Fe, N.M., for plaintiff-appellant.

Elliot L. Bien (Vernon L. Goodin and Stephen C. Tausz of Bronson, Bronson & McKinnon with him on brief), San Francisco, Cal., for defendant-appellee Kaiser Engineers, Div. of Henry J. Kaiser Co.

Carl J. Butkus of Civerolo, Hansen & Wolf, Albuquerque, N.M., for defendant-appellee Sergent Hauskins & Beckwith.

Before HOLLOWAY, Chief Judge, LOGAN, Circuit Judge, and BRETT, District Judge.*

LOGAN, Circuit Judge.

The only issue on appeal in this diversity case is whether an "actual controversy" exists within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201, between an insurer and alleged third party tortfeasors in the following circumstances.

The plaintiff, Allendale Mutual Insurance Company, had insured United Nuclear Corporation's uranium mill in New Mexico. An earthen dam for the mill's tailing pond, built by defendants Kaiser Engineers and Sergent Hauskins & Beckwith, failed, causing huge losses. United Nuclear sought recovery for the loss from Allendale under the policy. Allendale denied that its policy provided coverage for this type of accident. United Nuclear then sued Allendale over the coverage in New Mexico state court and was awarded more than $24 million compensatory damages. While an appeal of the award was pending in the New Mexico Supreme Court, Allendale filed this diversity action in federal district court in New Mexico against defendants, seeking a declaratory judgment that, if held liable to United Nuclear, it would be entitled to judgment against defendants as subrogee of United Nuclear's claims. Allendale commenced this declaratory judgment action because it feared the four-year New Mexico statute of limitations would expire on its subrogation claim before the New Mexico Supreme Court rendered its decision on the appeal.[1]

The federal district court dismissed Allendale's action for lack of subject matter jurisdiction, ruling that the pending state court appeal prevented an actual controversy from existing between Allendale and the defendants. Allendale has appealed to this court; we now reverse and remand.

In dismissing Allendale's action, the district court stated the general rule that an insurance company acquires no subrogation interest in the claim of an insured until payment to the insured is made, citing *Meredith v. The Ionian Trader*, 279 F.2d 471, 474 (2d Cir.1960), and *J.P. (Bum) Gibbons*,

---

* The Honorable Thomas R. Brett, United States District Judge for the District of Oklahoma, sitting by designation.

1. While the present appeal was pending in this court, the New Mexico Supreme Court affirmed the $24 million compensatory damages award against Allendale but reversed a $25 million punitive damages award. *See United Nuclear Corp. v. Allendale Mutual Insurance Co.*, 103 N.M. 480, 485–88, 709 P.2d 649, 654–57 (1985).

*Inc. v. Utah Home Fire Insurance Co.,* 202 F.2d 469, 473 (10th Cir.1953). But in dismissing on this ground, the district court mistakenly equated the "actual controversy" requirement of the Declaratory Judgment Act, 28 U.S.C. § 2201, with the interest required to sue for damages as subrogee. Allendale would not have needed a declaratory judgment if it had already paid United Nuclear—it then could have sued defendants under fully ripened subrogation rights. By statute a declaratory judgment may be obtained "whether or not further relief is or could be sought." *Id.*

At least at the moment that the insurer has suffered a legal judgment requiring it to make payment to the insured, that insurer has a sufficient interest in recovery against third parties who allegedly caused the injury to create an actual controversy within the meaning of the Declaratory Judgment Act. The United States Supreme Court has stated the test for an actual controversy under 28 U.S.C. § 2201 as whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).

The contingent nature of the right or obligation in controversy will not bar a litigant from seeking declaratory relief when the circumstances reveal a need for a present adjudication. *See, e.g., Seguros Tepeyac, S.A. v. Jernigan,* 410 F.2d 718, 729 (5th Cir.) (declaratory judgment appropriate to determine insurer's duty to reimburse insured for any future payments insured might make to judgment creditor), *cert. denied,* 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969); *West American Insurance Co. v. Allstate Insurance Co.,* 295 F.2d 513, 516 (10th Cir.1961) (actual controversy existed between two insurance companies as to who had primary liability for any damages their mutual insured might

be required to pay). In *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), a liability insurer brought a federal declaratory judgment action against its insured and an injured third party who had sued the insured in state court. In the federal action, the insurer sought a judgment to the effect that it was not liable to defend or indemnify its insured. The injured third party argued that the complaint against him failed to state a cause of action because no actual controversy existed between him and the insurer. The Supreme Court held otherwise, noting that Ohio law gave the injured party "a statutory right to proceed against [the insurer] by supplemental process and action if he obtains a final judgment against the insured which the latter does not satisfy within thirty days after its rendition." *Id.* at 273, 61 S.Ct. at 512. Thus, an actual controversy existed between the insurer and the injured party even though the latter's claim against the insurer was contingent on (1) his obtaining a final judgment against the insured, and (2) the insured's failure to satisfy that judgment within thirty days.

The need for a declaratory adjudication of the controversy between the insurer and the injured party in *Maryland Casualty* arose from the potential for inconsistent federal and state interpretations of the insurance policy if the injured party was not joined in the federal action. *Id.* at 274, 61 S.Ct. at 512. The running of a statute of limitations may also create a need for an adjudication of contingent rights and duties. In *Fidelity and Deposit Co. v. City of Sheboygan Falls,* 713 F.2d 1261 (7th Cir.1983), a surety on a contractor's bond brought a declaratory judgment action against the contractor and the city for which the allegedly defective work had been performed. The complaint sought a declaration that (1) the surety was not liable on the bond because the contractor had not breached its agreement with the city, or (2) if the surety was liable on the bond, then it was entitled to indemnity from the contractor. The court noted that the sure-

ty's action in seeking a declaratory judgment was apparently motivated by its concern that the passage of time would bar its right to seek indemnity for any amount it might have to pay the city. This, the court held, was "the kind of interest that the Declaratory Judgment Act was intended to protect." *Id.* at 1265.

In the instant case a state court had rendered a legal judgment binding upon Allendale. Allendale, of course, had the right to appeal in an attempt to reverse that judgment. But, unless reversed, the judgment legally binds Allendale to pay more than $24 million to United Nuclear. Therefore, the controversy between Allendale and the defendants in this case is significantly less remote or contingent than the controversy between the insurer and the injured party in *Maryland Casualty. See Spivey Co. v. Travelers Insurance Co.*, 407 F.Supp. 916, 917–18 (E.D.Pa.1976) (party appealing judgment may seek declaratory judgment that its insurers are liable to indemnify it, despite possibility that judgment could be set aside on appeal). Moreover, a clear need exists for the present action, to determine the defendants' liability to United Nuclear or its subrogee, Allendale. If this action were not maintainable, Allendale would be forced to choose between giving up its right to appeal the state court award to its insured, and giving up its subrogation rights against the defendants.[2]

In *National Valve & Manufacturing Co. v. Grimshaw*, 181 F.2d 687 (10th Cir.1950), we sustained a district court which had exercised its discretion to dismiss a contractor's claim for indemnity while appeal of the judgment against it was pending in state court. There was no indication in that case that a statute of limitations problem existed, or other circumstances revealed a need for immediate adjudication; the court's decision was up-

held as not an abuse of discretion in the circumstances of the case. That lack of any need for an early determination of the right to indemnification distinguishes *National Valve* from the case before us. But to the extent that we made statements there indicating that pendency of the appeal prevented an actual controversy from existing, we disapprove of them.

We recognize, of course, that in a case such as the one before us the district court will normally abate the proceedings until the state supreme court determines the appeal. We find, however, that the district court erred in holding that it lacked subject matter jurisdiction over this action during the pendency of the appeal. We therefore reverse and remand for further proceedings consistent with this opinion.

---

**2.** Admittedly, Allendale could have avoided this predicament by impleading the defendants in the state court action. *See* N.M.R.Civ.P. 14(a) (1978) (permitting defendant to serve third-party complaint "upon a person not a party to the

action who is *or may be* liable to him for all or part of the plaintiff's claim against him") (emphasis added). The third-party procedure is optional, however, and we see no reason to punish Allendale for choosing not to follow that course.