**Margaret BLEAKLY, et al., Plaintiffs,**

**v.**

**CITY OF AURORA, Defendant.**

**Civ. A. No. 87–C–222.**

United States District Court,
D. Colorado.

Feb. 23, 1988.

Thomas B. Buescher, Braver & Buescher, Denver, Colo., for plaintiffs.

Martin Semple, Dwight L. Pringle, Semple & Jackson, Denver, Colo., Marcia O'Brien, Asst. City Atty., Aurora, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiffs Margaret Bleakly and Charlene Cook are employees of the defendant City of Aurora and are members of the Aurora Municipal Employees Association ("the AMEA"). They have filed this declaratory judgment action [28 U.S.C. § 2201] to have declared null and void agreements between the defendant and certain of its employees regarding compensatory time or payment of overtime amounts because the agreements were not negotiated by the AMEA as allegedly required by the Fair Labor Standards Act, 29 U.S.C. § 207, as amended ("the FLSA").

Defendant has moved to dismiss this action on the grounds (1) that no actual case or controversy exists between the parties and (2) that it has not violated the FLSA. Plaintiffs have responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not facilitate the decision process. Jurisdiction is improperly asserted under 28 U.S.C. § 2201, the Declaratory Judgment Act. Pursuant to § 2201, a declaratory judgment action may be filed in any United States court "to declare the rights and other legal relations of any interested party seeking such declaration,...." The declaratory judgment statute is an enabling Act and confers discretion on the court rather than an absolute right upon the litigant. *Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952). Federal jurisdiction exists, however, under 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.

Section 7(*o*)(1) of the FLSA provides that employees of a state political subdivision may receive compensatory time off in lieu of overtime compensation. Pursuant to § 207(*o*)(2)(A), this compensatory time may be provided by a public agency only pursuant to

"(i) applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other

agreement between the public agency and representatives of such employees; or

(ii) in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employer and employee before the performance of the work; ...." 29 U.S.C. § 207(*o*)(2)(A)(i), (ii).

The enforcement provision applicable to § 207 is found at 29 U.S.C. § 216(b), which provides in pertinent part:

"Any employer who violates the provisions of ... section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages...." 29 U.S.C. § 216(b).

It is undisputed that the plaintiffs are employees represented by the AMEA. Plaintiffs contend that the defendant cannot provide compensatory time off in lieu of overtime compensation absent an agreement negotiated with the AMEA in accordance with § 207(*o*)(2)(A)(i).

Defendant argues that it has discretion in the matter and that, pursuant to § 207(*o*)(2)(A)(ii), it has entered into an agreement with the individual employee prior to the employee's performing any overtime work. Under these agreements, the defendant asserts, employees may elect to take compensatory time off or overtime pay, at their discretion, and both plaintiffs here have elected between the two at their option. Defendant further maintains that if either plaintiff believes she is harmed by her choice, she may simply switch her choice by submitting a new form.

Applicable regulations promulgated under § 207(*o*) and found at 29 C.F.R. §§ 553.20 *et seq.* (July 1, 1987), provide in part as follows:

"(a) Compensatory time and compensatory time off are interchangeable items under the FLSA. Compensatory time off is paid time off the job which is earned and accrued by an employee in lieu of immediate cash payment for employment in excess of the statutory hours for which overtime compensation is required by section 7 of the FLSA." 29 C.F.R. § 553.22(a).

\* \* \* \* \* \*

"(a) *General.* (1) As a condition for use of compensatory time in lieu of overtime payment in cash, section 7(*o*)(2)(A) of the Act requires an agreement or understanding reached prior to the performance of work. This can be accomplished pursuant to a collective bargaining agreement, a memorandum of understanding or any other agreement between the public agency and *representatives of the employees.* If the employees do not have a representative, compensatory time may be used in lieu of cash overtime compensation only if such an agreement or understanding has been arrived at between the public agency and the individual employee before performance of work...." 29 C.F.R. § 553.23(a)(1) (emphasis added).

\* \* \* \* \* \*

"(b) *Agreement or understanding between the public agency and a representative of the employees.* (1) Where employees have a representative, the agreement or understanding concerning the use of compensatory time *must* be between the representative and the public agency either through a collective bargaining agreement or through a memorandum of understanding or other type of oral or written agreement...." 29 C.F.R. § 553.23(b)(1) (emphasis added).

\* \* \* \* \* \*

"(c) *Agreement or understanding between the public agency and individual employees.* (1) Where employees of a public agency do not have a recognized or otherwise designated representative, the agreement or understanding concerning compensatory time off must be between the public agency and the individual employee and must be reached prior to the performance of work...." 29 C.F.R. § 553.23(c)(1).

■ Construing the statute and regulations together, it appears that if employees

are represented by a bargaining agent, § 207(*o*)(2)(A)(i) *requires* that compensatory time be made available pursuant to an agreement negotiated by the employees' representative. Defendant admits that it has not complied with this section even though certain of its employees are represented by the AMEA. I thus conclude that the defendant's practice of securing agreements directly with individual employees who are represented by the AMEA violates § 207(*o*)(2)(A)(i).

■ To sustain a declaratory judgment action, the plaintiffs must allege facts indicating that there is a substantive controversy between parties who have adverse legal interests of sufficient immediacy and reality. *Allendale Mutual Ins. Co. v. Kaiser Eng'rs*, 804 F.2d 592, 594 (10th Cir. 1986). A declaratory judgment may be rendered only in a case of actual controversy and the controversy must exist at the time the court acts upon the complaint for declaratory relief. *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

■ Plaintiffs also must have standing to initiate a declaratory judgment action. To have standing, the plaintiffs must have a "personal stake" in the outcome of the case; that is, the plaintiffs must allege "distinct and palpable injuries" to themselves. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

■ I find and conclude that an actual controversy exists between the parties and that the plaintiffs have standing to litigate this action. Defendant's agreements with employees represented by the AMEA are null and void because they violate § 207(*o*)(2)(A)(i).

Accordingly, it is ORDERED that

(1) defendant's motion to dismiss is denied and declaratory judgment is entered in favor of the plaintiffs;

(2) defendant's agreements regarding compensatory time in lieu of overtime compensation with employees represented by the AMEA covering work performed subsequent to April 14,

1986 are null and void because they violate 29 U.S.C. § 207(*o*)(2)(A)(i).