Arthur METAYER, et al., Plaintiffs,

v.

PFL LIFE INSURANCE CO.,
et al., Defendants.

No. CIV. 98–177–P–C.

United States District Court,
D. Maine.

Nov. 23, 1998.

Michael K. Martin, Thomas Bradley, Petruccelli & Martin, Portland, OR, for Plaintiffs.

John F. Lambert, Jr., Philip M. Coffin, III, Lambert, Coffin, Rudman & Hochman, Portland, OR, George A. Berman, Posternak, Blankstein & Lund, Boston, MA, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

CARTER, District Judge.

This action was brought by the Metayers against PFL Life Insurance Company ("PFL") and, among other relief, asks the Court to hold PFL liable for medical bills incurred by Mr. Metayer. Complaint (Docket No. 1). The Metayers have also commenced an action in state court for medical malpractice against a medical health care provider and concede that the future recovery in the state malpractice action may be partially based on the medical bills subject of the action pending in this Court. Plaintiffs' Opposition to Defendants' Motion to Amend its Answer at 3 (Docket No. 9).

PFL denies that it is liable for the Metayers' medical bills. Answer (Docket No. 4). Before this Court is PFL's Motion to Amend its Answer with a counterclaim seeking a declaratory judgment that it is entitled to subrogation with respect to medical bills recovered by the Metayers in the future for which PFL may be deemed responsible. De-

fendants' Motion to Amend its Answer (Docket No. 7). Specifically, PFL asks this Court for a declaratory judgment that, in the event the Metayers are successful in establishing that PFL is liable to them for the payment of the claimed medical expenses,

upon the payment to the medical providers of those expenses or upon the payment to the Metayers for the amount of the medical expenses, PFL is entitled to the benefits of the medical insurance coverage running to PFL including, but not limited to, any and all rights to liens and/or subrogation that might exist under the medical insurance coverage, at common law, or in equity.

Defendants' Motion to Amend its Answer at 4. The Metayers argue that the Court should not permit PFL to amend its Complaint because PFL's counterclaim is not ripe for adjudication as it is based on theoretical future recovery. Plaintiffs' Opposition to Defendants' Motion to Amend its Answer at 3–4.

### Analysis

This Court is empowered to grant declaratory relief by the Declaratory Judgment Act, 28 U.S.C. § 2201. It reads, in pertinent part:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration....

28 U.S.C. § 2201(a) (1994). The Declaratory Judgment Act applies only to "a case of actual controversy," thereby incorporating the Article III requirement that a federal court entertain only "cases or controversies." An "actual controversy" in this sense must be ripe for adjudication.

■ The issue of ripeness turns on "the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration." *Pacific Gas & Electric Co. v. State Energy Resources Conservation and Development Commission*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983). An important consideration in determining whether a claim is ripe for adjudica-

tion is the extent to which "the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all." *Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 847 (1st Cir.1990).

■ In support of its contention that PFL's counterclaim is not ripe, the Metayers cite cases regarding the ripeness of claims brought by insured entities for indemnification and contribution by insurers. Those courts determined that suits against insurers for contribution and indemnification against expenses and liability in pending legal actions are not ripe for adjudication until the pending actions determining liability of the insured are resolved. *Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388–89 (11th Cir.1982) (holding that a power company's suit for indemnification and contribution from its insurer was not ripe because the wrongful death action against the power company had not yet been adjudicated); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 932–33 (4th Cir. 1977) (holding that action seeking indemnification for any liability which may be imposed in a pending wrongful death or personal injury action was not ripe because neither a determination of liability nor a settlement had been reached in any of the wrongful death or personal injury actions); *Companion Assurance Co. v. Alliance Assurance Co., Ltd.*, 585 F.Supp. 1382, 1385 (D.C.Virgin Islands 1984) (holding that a declaratory judgment action to adjudicate the rights, responsibilities, and priorities of potential insurance carriers in an underlying tort action was not ripe until the underlying tort action had been adjudicated). The court in *A/S J. Ludwig Mowinckles Rederi* reasoned that resolution of the tendered issue of indemnification is based upon events or determinations which may not occur as anticipated in the pending actions and are better resolved if consolidated with the pending actions. *A/S J. Ludwig Mowinckles Rederi*, 559 F.2d at 932.

Despite the authority for the proposition that an indemnification claim is not ripe until the underlying action determining liability is resolved, a district court in the First Circuit implicitly held that an indemnification claim

is ripe when the relevant action determining liability is still pending. In *Providence Journal Co. v. The Travelers Indemnity Co.*, 938 F.Supp. 1066 (D.R.I.1996), the Providence Journal Company ("the Journal") brought a declaratory action against several of its insurers requiring the insurance companies to indemnify the Journal against any liability arising under a pending action brought under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") against it. A consent decree was subsequently entered in the CERCLA action limiting the judgment to a certain sum. *Providence Journal Co.*, 938 F.Supp. at 1071. After the consent decree was entered, First State Insurance Company filed a motion for summary judgment and contended that a live controversy between it and the Journal no longer existed because its second-tier coverage was not implicated now that the damages in the CERCLA action had been set at an amount covered by the policies of the first-tier insurance companies. *Id.* The court agreed that a live controversy no longer existed between the Journal and First State by virtue of the consent decree. *Id.* at 1080. However, the court opined that, " . . . a justiciable controversy existed between the Journal and First State at the commencement of this action . . . ." *Id.* Although this is dicta because First State's summary judgment motion was granted on mootness grounds, this case implies that a claim for indemnification against an insurance company is ripe while the underlying action that determines the insured's liability is still pending.[1]

▮ Thus, there is conflicting authority on when a claim for indemnification is ripe: several courts have held that an indemnification claim is not ripe until the underlying action establishing liability against the insured has been fully litigated, and a court in the First Circuit held that a claim for indemnification is ripe once the relevant action determining liability is pending. Whether an insurer holds a right to subrogation, however, is different from the question of whether it

must indemnify an insured. The right to subrogation can be resolved whether or not the action in which it may or may not be exercised is pending or has even been initiated. Although an insurer does not have a *subrogate interest* in a particular legal claim until liability in that claim is established, whether a party has the *right to subrogation* should a relevant legal claim arise is a different issue and can be resolved in a declaratory judgment action before the rights or obligations of the insured are established. *See Allendale Mutual Insurance Co. v. Kaiser Engineers Div. of Henry J. Kaiser Co.*, 804 F.2d 592 (10th Cir.1986).

In *Allendale Mutual Insurance Co.*, the issue presented was whether an action seeking a declaratory judgment that an insurer was the subrogee of an insured's claims against third parties was ripe for adjudication when liability as between the insured and insurer had not yet been established. The court determined that the subrogation claim was ripe. In this case, the insurer sued third parties allegedly responsible for damages caused to the insured and sought a declaratory judgment that, if held liable to the insured, it would be entitled to judgment against defendants as subrogee of the insured's claim. *Id.* at 593. The insured's claim against the insurer for indemnification was pending appeal. *Id.* The district court dismissed the insurer's claim and held that it was not ripe for adjudication because the insured's claim against the insurer for indemnification was pending on appeal and had not been finally determined. *Id.* at 594. The court of appeals reversed and held,

> [a]t least at the moment the insurer has suffered a legal judgment requiring it to make payment to the insured, that insurer has a sufficient interest in recovery against third parties who allegedly caused the injury to create an actual controversy within the meaning of the Declaratory Judgment Act.

*Id.*

In holding that the insurer's declaratory judgment action regarding its right to subro-

---

[1] In addition, case law counsels that declaratory actions for indemnification are not ripe if the underlying action which would determine liability has not yet been filed. *Providence Journal Co.*,

938 F.Supp. at 1080 (holding that no justiciable action for indemnity was kept alive because of the mere possibility of future CERCLA actions not yet brought against the insured).

gation was ripe, the court of appeals relied on cases in which courts decided that the contingent nature of the right or obligation in controversy did not bar a litigant from seeking declaratory relief when the circumstances revealed a need for a present adjudication. *Id.* (citing cases). According to *Allendale,* a declaratory judgment that a right to subrogation exists or does not exist may issue before liability of the insurer to the insured is established. In the case before this Court, if the counterclaim is allowed, the liability of the insurer (PFL) to the insured (the Metayers) will be determined in the same action as the issue of whether the insured has a right to subrogation in regard to legal claims against or on behalf of the insured will be determined. Under *Allendale,* at the moment PFL is found liable to the Metayers for their medical costs, it has a sufficient interest in the recovery against third parties who allegedly caused the injury to create an actual controversy within the meaning of the Declaratory Judgment Act. This controversy exists whether or not an action establishing liability on behalf of or against the Metayers is pending. Despite the Metayers's contention, the fact that a state malpractice action is currently pending and is not fully adjudicated is immaterial to the question of whether the subrogation counterclaim is ripe.

Accordingly, PFL's counterclaim seeking a declaratory judgment that PFL has the right of subrogation with respect to medical bills for which PFL is deemed responsible is ripe for adjudication as part of the Metayers's action against PFL. Once liability is established against PFL, the Court may determine whether PFL has the right of subrogation. However, whether or not PFL has a subrogate interest in a particular case, including the medical malpractice action already pending in state court, will be determined by that court according to the liability established in that action. Therefore, under the existing case law, the counterclaim seeking a declaratory judgment that PFL has the right of subrogation in regard to claims litigated against and on behalf of the Metayers is ripe for adjudication and may be decided as part of this action. Accordingly, PFL's Motion to Amend its Answer to include a counterclaim seeking to assert a claim for a

declaratory judgment that it has a right of subrogation is hereby GRANTED.

So ORDERED.